# ABBOTTS'

# PRACTICE REPORTS.

## NEW-YORK.

### MILLER a. DEERE.

*Supreme Court, First District ; General Term, April,* 1855.

#### MALICIOUS PROSECUTION.—EVIDENCE.

In an action for malicious prosecution, the fact that the jury convicted the plaintiff, in the prosecution alleged to have been malicious, is conclusive evidence of probable cause.

And where this fact appears by the declaration, it is fatal to the suit.

The only exception to the rule, is the case in which the plaintiff sets up that his conviction was fraudulently procured by the defendant, by means which prevented the plaintiff from setting up his defence.

Appeal from a judgment for defendant, at circuit.

*John Cook,* for appellant.

*P. G. Clark,* for defendant.

MITCHELL, J.—The plaintiff sued for a malicious prosecution. He had been indicted at the instance of the defendant, and had been tried before a jury, at the general sessions in this city, and found guilty, and sentenced and imprisoned. The plaintiff offered to prove, on this trial, that on a writ of error the judgment against him was reversed, and to prove that the defendant had prosecuted him maliciously and without probable cause. The evidence was rejected ; it must have been on

the ground that the verdict on the merits and judgment thereon were so far conclusive evidence that there was probable cause for the prosecution, that it was not to be repelled merely by general evidence of malice and want of probable cause. This corresponds with the principles stated in the elementary books and with the authorities. Greenleaf says, (2 *Greenl. Ev.*, § 457), " Probable cause may be proved by evidence, that the acquittal of the plaintiff, in the suit or prosecution against him, was the result of deliberation by the jury; the testimony having been sufficient to induce them to pause; or that he had been convicted of the offence before a justice of the peace, who had jurisdiction of the case, though he was afterwards acquitted, on an appeal from the sentence."

The rule is reasonable—the verdict, and judgment thereon, were conclusive evidence of the present plaintiff's guilt, until the judgment was reversed, and then it was reversed only for error in law ;* and the case must have been such that the judge who tried the cause, and the jury, believed him guilty in law; and as they erred as to the law, the defendant may be excused for participating in that error: their judgment, although made under some error of law, showed that there was probable cause for the charge. If we should look out of the record and into the original case, as reported in 5 *Barb.*, 203, the facts there stated show probable cause at least.

The verdict showed probable cause, and that being proved,

---

* The indictment on which the present plaintiff was tried, charged him with having scandalously and wickedly exposed his person in the presence of divers citizens. The evidence showed that he had, while very imperfectly clothed, walked in his yard. The yard was fenced in ; there were no females residing on the premises ; there were only two dwellings within a quarter of a mile of the house, and only one or two persons observed the conduct complained of. It did not appear that the present plaintiff supposed he was seen by any one, or intended to expose his person to public view. He was however convicted, under a charge from the recorder. that they were to find whether the acts were committed in a manner to outrage decency ; that, as to the intent, the acts showed the intent ; and if they were proved, that was all that was necessary. The conviction was reversed by the Supreme Court, on writ of error, on the ground that, as the acts charged were themselves indifferent, and became criminal only by being done with a particular intent, the intent should have been alleged and proved. The intent was a material ingredient in the offence, and was a question of fact, under all the circumstances, for the consideration of the jury.

the defendant's defence was complete; and if the evidence offered by the plaintiff had been received, it could only have gone to show malice, which would not sustain the plaintiff's case, while the want of probable cause was disproved. In Reynolds *v.* Kennedy, (1 *Wilson*, 232, *quoted* 2 *Esp. Ni. Pri.*, *Am. Ed.*, 22), judgment on a verdict in favor of the plaintiff was arrested, because brandy on board his ship had been condemned by the commissioners of excise, although that condemnation was reversed by the commissioners of appeal. That case is approved in Sutton *v.* Johnstone, (1 *Durnf. & E.*, 505), by Eyre Baron, who, speaking of the judges of the sub-commissioners, said, that from it the court would infer that there was probable cause. It is also approved by Lord Mansfield and the other judges, when the case was in the Exchequer Chamber (*Ib.*, 546). In this last case, Sutton, a commander of a ship in the British navy, sued Johnstone, his superior officer, for maliciously causing him to be arrested and tried by a court-martial; and showed in his declaration, that the court-martial found that he did not delay the public service on which he was engaged, and that he was justifiable in not immediately cutting or slipping the cable of his ship: and recovered a verdict, first of £5000, and then, on a new trial, of £6000. On motion in arrest of judgment, an opinion remarkable for its exceeding clearness and beauty of expression, was delivered by Baron Eyre; and he inferred from the declaration, that the defendant had not immediately obeyed the order to cut or slip the cable, although he was justifiable in this disobedience; and showed the strong inclination of his mind that from this circumstance of disobedience there was probable cause for the arrest; but held the declaration good, because there was no probable cause for the charge of delaying the public service. The decision was reversed in the Exchequer (*Ib.* 550), on the ground that there being disobedience, there was probable cause for the arrest, and that the other charge, under those circumstances, did no harm. And this last judgment was affirmed in the House of Lords. (*Ib.* 784).

In both these cases the declaration must have contained the essential charges that the prosecution was malicious and with-

out probable cause, and in language as strong as the offer made in this case, yet it would avail nothing against the admitted fact of a conviction on one case, or of disobedience, actual although justifiable, on the other.

In Whitney *v.* Peckham, (15 *Mass.* 243), which was an action for a malicious prosecution, it appeared that the plaintiff had been convicted of the offence for which he had been prosecuted, but on appeal was acquitted. The plaintiff was non-suited, and on a hearing before the whole court, the non-suit was sustained. The same decision was made in Griffis *v.* Sellars, (2 *Dev. & Bat.,* 492), in North Carolina, the court carefully examining the authorities and reasons for the rule, and holding the first conviction conclusive evidence of probable cause. In Witham *v.* Gowan, (2 *Shep. Rep.,* 362), the same ruling prevailed, but the court engrafted on it an exception, viz.: if the plaintiff offered to show that the conviction was exclusively on the defendant's testimony, and was false. The exception is not a reasonable one, for it would allow the present plaintiff to try the very thing which was tried in the criminal trial, and in which the present plaintiff should have established the facts proposed to be tried by him in the second suit. The rule was again repeated in Payson *v.* Caswell, (9 *Shep.* 212), but with the same exception above stated, and with a reference to Burt *v.* Place, (4 *Wend.,* 591), and it is said that the court there held that where the conviction in the inferior court was procured by the circumvention and fraud of the defendant, it should not avail him ; but still the court say " the rule itself remains unimpaired." And they held that where there was a delay of the jury for fifteen minutes before rendering their verdict in the criminal suit, the plaintiff in a suit for malicious prosecution should not succeed. In Burt *v.* Place, (4 *Wend.,* 591), the action was not simply for a malicious prosecution, but also for maliciously causing the plaintiff to be detained a prisoner on his arrest, in the first action, by means whereof he was unable to provide the necessary evidence for his defence, and which he might have provided, but for such arrest and imprisonment. .Judge Marcy said—" the plaintiff sufficiently countervails the effect of the first decision against him, by alleging that the defendant, well knowing that he had

no cause of action, and that the plaintiff had a full defence, prevented the plaintiff from procuring the necessary evidence to make out the defence, by causing him to be detained a prisoner until the judgments were obtained, and by alleging that the imprisonment was for *the very purpose of preventing a defence* to the action;" the judge italicizing the words " the very purpose of preventing a defence," and referring to the case of Reynolds *v.* Kennedy, (1 *Wils.*, 232), above quoted, he asks, " can we believe that the declaration in that case would have been considered by the court as furnishing evidence of probable cause, if it had shown, in addition to the condemnation of the brandy by the sub-commissioners, that the defendants knew that the brandy was not subject to be condemned, and that the plaintiff had the means of proving the fact, but was prevented from doing so by the wrongful acts of the defendant? It was this additional wrong of maliciously preventing the present plaintiff from obtaining witnesses on the first suit, to prove what the present defendant knew he could prove, which gave him a right to a special action on the case, more special than the ordinary action for a malicious prosecution." The judge then proceeded to show that the evidence (as he understood it) exhibited a case of flagrant oppression; and that the first suit was instituted for a debt which had been allowed to the defendant, by way of set-off, in a former suit. If the facts were different, and the set-off was withdrawn in the former suit, as not sustainable, as may have been the case, it makes no difference in the rule intended to be laid down, for that was based on the facts as stated and understood by the judge, in his opinion.

The case in Devereux & Battle, and other cases there referred to, seem to have been overlooked in his opinion; but whether so or not, it does not profess to overturn the general rule that a conviction, though reversed on appeal, is proof of probable cause of action, and can only be met by proof of circumvention and fraud practiced in the first suit, to prevent the defendant in that suit from producing the evidence which it was known he could produce; or by proof of similar wrong.

Here no such offer was made; it was only to prove that the defendant " maliciously, and without probable cause, prosecu-

ted the plaintiff." That was to treat the conviction as nothing, and leave the whole matter open to the jury; so that they should only take that conviction into consideration, as one of the circumstances in the case. Such a rule would overturn the rule that a conviction was, by conclusion of law, evidence of probable cause, that when admitted in the declaration of the plaintiff, it overthrows the express statement in the declaration, that the first action was prosecuted without probable cause, and with malice. The general rule is important, especially when the first prosecution was a criminal one : then the conviction may have been on the testimony of the present defendant; he alone may have known the truth of the charge he made ; or, at the trial of the second suit, his witnesses may be dead, or abroad, or inaccessible; and if his former testimony would be admissible in his favor, it could have but little effect compared with the testimony of a witness on the stand, speaking his own words, with the effects with which words coming from the heart generally produce, and with the opportunity to explain and perhaps contradict opposing testimony. And if his former testimony can now be disproved, it could and should have been disproved in the first suit, and the plaintiff should have no relief for his neglect to make such proof, unless he was prevented, as in Burt *v*. Place, by some other wrongful act of the present defendant.

The judgment should be affirmed with costs.