PEOPLE v. STATON.

(Supreme Court, Appellate Division, Second Department. January 30, 1903.)

1. CHATTEL MORTGAGES—REMOVAL FROM STATE—FRAUDULENT INTENT—CRIMINAL LIABILITY.

Pen. Code, § 571, punishes a chattel mortgagor who sells, secretes, or disposes of the property "with intent thereby to defraud" the mortgagee, etc. A mortgage provided that, if the mortgagor removed the goods from the house where then located without the mortgagee's written consent, the latter might elect that the whole debt should become due. The mortgagor had effected one removal without such consent, after which the mortgagee, with knowledge, accepted installments of the debt. When in advance on his weekly payments, and having paid one-half of the debt, the mortgagor shipped the goods to North Carolina. When asked to make further payments, he informed the mortgagee of their present location, and also made a further payment. *Held*, that there was no intent to defraud, so as to create a criminal liability.

Appeal from court of special sessions of city of New York.

General G. Staton was convicted of fraudulently removing chattel mortgaged goods from the state, and appeals. Reversed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Alfred C. Cowan, for appellant.

Frederick B. Bailey, for respondent.

HOOKER, J.　The defendant bought certain household goods of the complaining witness in May, 1902, at the agreed price of $62, paying $5 in cash and promising to pay $1 weekly until the whole amount should be paid.　To secure these payments, he executed and delivered to the complaining witness a chattel mortgage upon the same property.　He was a married man, keeping house in the borough of Brooklyn, to which place he had recently moved from his former home in Goldsboro, state of North Carolina.　For a period of five weeks after this transaction the defendant paid $2 weekly upon his account, and until the latter part of September paid at about the same rate as called for in the agreement.　On or about October 1st his wife became ill, and defendant sent her back to his former home in North Carolina for the benefit of her health.　On October 27th the defendant paid $3 on account, and early in November thereafter, finding he could not care for the household goods in Brooklyn, he shipped them to his wife in Goldsboro.　On December 6th, being in default in his weekly payments, he was solicited by one of the agents of the complaining witness to resume payment.　The defendant informed him that he had sent his goods to his wife, and indicated where she was, and where the goods might be found, and promised to call at the office of the complaining witness and make further payments.　Accordingly, on the same day he called there, again told of the whereabouts of the goods, and paid $2 on account, which was accepted.　Two days later he was arrested for a violation of section 571 of the Penal Code.　That section provides as follows:

"A person who, having theretofore executed a mortgage of personal property, or any instrument intended to operate as such, sells, assigns, exchanges, secretes, or otherwise disposes of any part of the property, upon which the mortgage or other instrument is at the time a lien, with intent thereby to defraud the mortgagee, or a purchaser thereof, is guilty of a misdemeanor."

No conviction under this section can be sustained unless the act of the defendant is "with intent thereby to defraud."　We are unable to discover in this case any evidence pointing to a criminal intent on the part of the defendant.　At the time of the removal of the goods to North Carolina the defendant was in advance of his $1 a week engagement, and had paid more than was then due under the contract of sale.　He had then paid approximately one-half of the purchase price.　When asked to resume payments, he volunteered the information as to the location of the goods, and immediately complied with the request.　Intent to defraud cannot be predicated upon such a course of action.　The special sessions seems to have laid stress upon the supposed undertaking in the mortgage that the defendant would not remove the goods from the house to which they were originally delivered by the vendor.　No such agreement is contained therein.　The defendant covenanted that, in case he made any attempt to effect such a removal without written consent, the mortgagee might elect that the whole amount of the mortgage should become due, and sell the mortgaged property to satisfy the debt.　Further than that, it is to be noticed that the property was removed from the house where the defendant lived at the time of the purchase to another residence in the same borough, and that the ven-

dor's agents knew of that removal, which was, as far as appears, without the written consent of the vendor, and accepted defendant's weekly payments thereafter. The language of the instrument, particularly in the light of the course of dealings between the parties, furnishes no evidence or presumption of a criminal intent on the part of the defendant.

The judgment of conviction should be reversed, and a new trial ordered. All concur.