STATON v. MASON.

(Supreme Court, Appellate Division, Second Department. June 23, 1905.)

1. MASTER AND SERVANT—TORTS OF SERVANT—LIABILITY OF MASTER.

  A master is not liable for a malicious prosecution instigated by his servant, in the absence of evidence that the master was personally concerned in the prosecution, or of evidence of the nature and scope of the servant's employment sufficient to warrant an inference of the servant's authorization by the master to instigate the prosecution.

  [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 1230.]

2. SAME—MALICIOUS PROSECUTION—IMPLICATION OF AUTHORITY.

  A credit clerk has not, by virtue of his position alone, implied authority from his master to criminally prosecute any one for an offense committed against his master, in such sense as to render the master liable in case the prosecution is instituted maliciously.

Appeal from Trial Term, Kings County.

Action by General G. Staton against Isaac Mason. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and MILLER, JJ.

F. J. Moissen, for appellant.
Alfred C. Cowan, for respondent.

WILLARD BARTLETT, J. This is an action for malicious prosecution. The prosecution was instituted not by the defendant personally, but by one George E. Middaugh, a credit clerk employed by the defendant in the furniture and carpet business carried on by him in the borough of Brooklyn. The trial judge left it to the jury to say whether the acts of this person were the acts of the defendant, instructing them that the rule was that the master is responsible for the acts of his servants within the general scope of their employment while engaged in their master's business, even though the servant's acts were negligent, wanton, and willful. I do not think that there was enough evidence in the case to justify the learned judge in submitting this question. There was no proof that the defendant had anything to do personally with the prosecution;

nor was there any evidence as to the nature or scope of George E. Middaugh's employment, except that he was the credit clerk in the service of the defendant. This fact did not warrant the inference or import that the employé had any authority from the master to prosecute any one criminally on account of offenses committed against the employer. When one is sued for a tort committed by his servant upon another, the liability of the defendant depends either upon proof of some express direction or authorization by the master, or upon facts and circumstances from which such direction or authorization may be inferred. Collins v. Butler, 179 N. Y. 156, 71 N. E. 746. This inference may be based upon evidence that the act done by the servant, although wrongful, fell within the scope of the servant's employment; but where, as in this case, there is a failure to establish either express agency or agency growing out of the nature of the services to be rendered, the master cannot be held liable as principal. It may be that this defect of proof can be remedied upon a new trial. At all events, the present judgment must be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.