(119 App. Div. 437)

STATON v. MASON.

(Supreme Court, Appellate Division, Second Department. May 3, 1907.)

1. MASTER AND SERVANT—PROSECUTION BY SERVANT—AUTHORITY—EVIDENCE.

A finding that the act of defendant's credit clerk, in having plaintiff arrested and prosecuted for removing from the state furniture which he had bought at defendant's store and mortgaged to defendant to secure the installments of the purchase money, was binding on defendant, is authorized by evidence that the prosecution and arrest were directed by de-

fendant's manager, who was at the time in charge of defendant's business; that defendant was seldom at his place of business, but such business was conducted and managed entirely by the manager, who acted and was regarded by the employés as the head of the concern; that the manager authorized the credit clerk to do as he did; and that the criminal proceedings were conducted by defendant's general counsel.

2. MALICIOUS PROSECUTION—PROBABLE CAUSE—EVIDENCE.

A judgment of conviction on a prosecution, the hearing and trial appearing to have been fairly conducted, and there being no claim that the result was procured by fraud, conspiracy, subornation or other undue means, though afterwards reversed, is prima facie evidence of probable cause in an action for malicious prosecution.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Malicious Prosecution, § 25.]

Appeal from Trial Term, Kings County.

Action by General G. Staton against Isaac Mason. From a judgment dismissing the complaint at the close of plaintiff's case, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH, and MILLER, JJ.

Alfred C. Cowan, for appellant.

F. J. Moisson, for respondent.

HIRSCHBERG, P. J. This action is brought to recover damages for malicious prosecution. The plaintiff had purchased from the defendant in the borough of Brooklyn, to be used at his place of residence in that borough, certain furniture, to be paid for at stated intervals in small installments, and had given to the defendant a chattel mortgage on the property purchased, in order to secure the payments. Before the purchase money was all paid, the defendant shipped the property to North Carolina, and, on learning that fact, the credit clerk of the defendant instituted proceedings in the Court of Special Sessions in the defendant's behalf, by virtue of which the plaintiff was arrested, tried, and convicted of the misdemeanor of unlawfully secreting or disposing of mortgaged property, in violation of section 571 of the Penal Code. On appeal the judgment of conviction was reversed by this court (People v. Staton, 79 App. Div. 634, 80 N. Y. Supp. 2); the chief ground of reversal being the absence of proof of a criminal intent on the part of the accused. After the reversal the proceedings in the Court of Special Sessions were dismissed, and the plaintiff discharged. This action was thereupon brought.

The plaintiff recovered a judgment on the first trial of this action, which was reversed by this court (Staton v. Mason, 106 App. Div. 26, 94 N. Y. Supp. 417), on the ground that there was no evidence tending to show that the credit clerk who instituted the criminal proceeding had either express or implied authority from the defendant to do so. The precise nature of his duties as credit clerk was not disclosed, and there was, accordingly, nothing to indicate that his act was within the scope of his employment. On this, the second, trial it distinctly appears that the prosecution and arrest were directed by the defendant's manager, who was at the time in charge of the defendant's business. The evidence tends to establish that the defendant was seldom personal-

ly at his place of business, but that such business was conducted and managed entirely by the manager, who acted and was regarded by the employés as the head of the concern.   The jury could infer from all the evidence that it was within the scope of the manager's employment to take steps, either civilly or criminally, in the protection of the defendant's property and in the preservation of his rights and interests. The authority conferred upon the credit clerk by the manager was not disputed, and the criminal proceedings were conducted by the defendant's general counsel.   There was sufficient in the case to support a finding that the act of the credit clerk was binding upon the defendant. The case is different from that presented in Mali v. Lord, 39 N. Y. 381, 100 Am. Dec. 448.   In that case the defendant's superintendent, on mere suspicion, caused the plaintiff to be detained and searched. This could not have been done lawfully by the defendant in person, and it will never be assumed that authority has been conferred upon a subordinate to do that which the master himself could not lawfully do. But in this case the defendant with probable cause would be justified in instituting legal proceedings, even of a criminal nature, and that which he could do might lawfully be delegated to an employé.

Nevertheless the nonsuit was properly granted.   The hearing and trial which resulted in the plaintiff's conviction appears to have been fairly conducted, and there is no claim or pretense that the result was procured by fraud, conspiracy, subornation, or other undue means. It seems to be well settled in this state that a judgment of conviction so obtained, although subsequently reversed, is prima facie evidence of probable cause in an action for malicious prosecution.   Miller v. Deere, 2 Abb. Prac. 1;  Palmer v. Avery, 41 Barb. 290; Nicholson v. Sternberg, 61 App. Div. 51, 70 N. Y. Supp. 212;  Burt v. Smith, 181 N. Y. 1, 73 N. E. 495.   There is not a suggestion of malice in the case, and the evidence being sufficient to establish implied authority from the defendant to institute the criminal proceedings, and the prima facie proof of the existence of probable cause as established by the conviction not having been overcome by any evidence offered by the plaintiff, it necessarily follows that the cause of action asserted by the plaintiff was not proven.

The judgment should be affirmed.

Judgment affirmed, with costs.   All concur.