(62 Misc. Rep. 125.)

### BEALL v. DADIRRIAN.

(Supreme Court, Special Term, New York County. January, 1909.)

MALICIOUS PROSECUTION (§ 49*)—PLEADING—COMPLAINT—PROBABLE CAUSE.

Where a complaint in an action for malicious prosecution alleges that plaintiff was, after a hearing before a magistrate, held to bail, but does not allege that the holding was the result of fraud or improper means, a demurrer to the complaint, on the ground that there were not sufficient facts alleged to show want of probable cause, as the committing magistrate will only hold a defendant when he has sufficient reason to believe him guilty of the crime with which he is charged, will be overruled.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 96; Dec. Dig. § 49.*]

Action by one Beall against one Dadirrian. On demurrer to complaint. Overruled.

J. O. Ball, for plaintiff.
Rand, Moffat & Webb, for defendant.

GREENBAUM, J. Demurrer to complaint for insufficiency. The plaintiff's action is for malicious prosecution. The complaint alleges that the—

"defendant maliciously and without reasonable or probable cause therefor charged plaintiff before one of the city magistrates of the city of New York with the crime of blackmail, under section 558 of the Penal Code, and thereupon procured a warrant to be issued for the arrest of the plaintiff; that thereafter, and upon the same day, plaintiff was arrested upon said warrant, and, after a hearing before the said magistrate, was held in bail in the sum of $1,000, and was compelled to be photographed for what is known as the 'Rogues' Gallery,' subject to inspection by many masked detectives at the police headquarters, and was imprisoned in the City Prison of the city of New York for the period of seven days."

It is further alleged that thereafter, after a hearing before the grand jury of the county of New York—

"the said grand jury declined and refused to find or present an indictment against plaintiff, and duly dismissed said charge, and said prosecution was thereby terminated."

The demurrant contends that the allegation of the complaint that the plaintiff was held in bail after a hearing by the committing magistrate shows prima facie evidence of the existence of probable cause, and that, without a further allegation that the magistrate's holding was the result of fraud or other improper means, there are not sufficient facts to show want of probable cause.

The precise point here raised seems never to have been considered by the courts of this state, so far as I know. It has been held that:

"The holding of the accused by the city magistrate, after examination into the facts, was prima facie evidence of probable cause. Schultz v. Greenwood Cemetery, 190 N. Y. 276, 280, 281, 83 N. E. 41."

In other jurisdictions a judgment of conviction, although reversed, is regarded as conclusive evidence of probable cause. Crescent City Live Stock Co. v. Butchers' Union, 120 U. S. 141, 7 Sup. Ct. 472, 30 L. Ed. 614, and cases cited therein. The decisions in this state as to the effect of a reversed judgment are somewhat confusing. In Burt v. Smith, 181 N. Y. 7, 73 N. E. 496, it is stated:

"We find no case in this state where the effect of a judgment of a court of superior jurisdiction in this regard has been passed upon, although it has been held that a judgment rendered by a justice of the peace and subsequently reversed on appeal, is not conclusive, but only prima facie evidence of probable cause"—citing Burt v. Place, 4 Wend. 591, and Nicholson v. Sternberg, 61 App. Div. 51, 70 N. Y. Supp. 212, and criticising Palmer v. Avery, 41 Barb. 290.

The court evidently overlooked Miller v. Deere, 2 Abb. Prac. 1, where it was expressly held that the conviction of the plaintiff in the General Sessions, a court of record, upon a trial had at the instance of the defendant, was conclusive evidence of probable cause, notwithstanding that the judgment of conviction was reversed. The reasoning of the opinion in the case is cogent, and the views of Marcy, J., in Burt v. Place, supra, analyzed. The Miller Case also recognizes the rule, that appears to be universally approved:

"That a conviction, though reversed on appeal, is proof of probable cause of action, and can only be met by proof of circumvention and fraud practiced in the first suit to prevent the defendant in that suit from producing the evidence, which it was known he could produce, or by proof of similar wrong."

In Staton v. Mason, 119 App. Div. 437, 439, 104 N. Y. Supp. 155, 157 it is said that "it seems well settled in this state that a judgment of conviction, although subsequently reversed, is prima facie evidence of probable cause in an action for malicious prosecution," citing Miller v. Deere, supra, notwithstanding that the latter case distinctly holds that the conviction is "conclusive" evidence of probable case.

I have referred to these various cases because I conceive it important to a correct disposition of the precise question here submitted to bear in mind the difference between a judicial act that is only prima facie evidence of probable cause and one that is conclusive. Where a

judgment of conviction, even though reversed, is conclusive evidence of probable cause, it seems clear that the admission in the complaint of such a judgment necessarily overthrows the general allegation of want of probable cause (Miller v. Deere, 2 Abb. Prac. 6), and in the language of the court in Crescent City, etc., Co. v. Butchers' Union, 120 U. S. 141, 7 Sup. Ct. 472, 30 L. Ed. 614:

"To counteract the effect of the judgment or decree and the legal deduction of probable cause it is incumbent upon him [plaintiff] to make it appear in his declaration that such judgment or decree was improperly obtained and was the result of acts of malice, fraud, and oppression on the part of the defendant, designed and having the effect to deprive him of the opportunity and necessary means to have defeated the suit and obtained a judgment in his favor."

It seems equally clear that where the judicial act in the arrest proceedings, which are the basis of the action for malicious prosecution, is only prima facie evidence of probable cause, a different rule of pleading will be applicable than in a case where the complaint sets up facts showing conclusive evidence of probable cause. To overcome the effect of the magistrate's holding, it would be sufficient to present testimony in explanation, extenuation, or contradiction of the facts upon which it is based, and from which the prima facie evidence arises, and it would not be requisite to show that the judicial act was the result of fraud or other improper acts of the defendant. Heinemann v. Heard, 62 N. Y. 448–455; Heilman v. Lazarus, 90 N. Y. 672; Griffen v. Manice, 166 N. Y. 188, 194, 195, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630.

In the case at bar there was no judgment of conviction. There was a holding by the magistrate upon a hearing. A defendant is not obliged to make a statement or produce witnesses before a committing magistrate, although he may do so (sections 207, 208, Code of Criminal Procedure), and the magistrate's holding only means that it appears, upon the proofs submitted to him, that a crime has been committed, and "that there is sufficient cause to believe the defendant guilty thereof." The distinction must be observed between a solemn adjudication upon a trial, where both parties have presented all the proofs that they deemed necessary, and a proceeding where a magistrate is not obliged to pass upon the ultimate facts, but may content himself with proof sufficient to enable him to find that the accused was guilty of the charge laid against him. This distinction is pointed out in Burt v. Smith, 181 N. Y., at pages 7, 8, 73 N. E. 495, where a situation quite analogous to that here existing was presented. If the evidence upon the trial does not tend to overcome the effect of the testimony before the magistrate, the prima facie evidence of probable cause would become conclusive. In Ross v. Hixon, 46 Kan. 550, 26 Pac. 955, 12 L. R. A. 760, 26 Am. St. Rep. 123, in an action for malicious prosecution, where it was alleged that a committing magistrate had held the plaintiff for the act charged against him by the defendant, the court decided that it is unnecessary to allege that the finding of the magistrate was the result of fraud or other undue means, but that the plaintiff may overcome the effect of the finding by adducing evidence not considered by the magistrate bearing upon the question of probable cause.

The allegations in the complaint that the plaintiff was held after a hearing by the magistrate doubtless are evidence prima facie of probable cause for plaintiff's arrest, and logically it may be said, as was held in Giusti v. Del Papa, 19 R. I. 338, 33 Atl. 525, that the pleader by appropriate allegations should be required to overcome the effect of his admission of the existence of probable cause. However, under the practice of our courts in construing pleadings liberally— often too liberally—it may be said that the general allegation that the arrest was without probable cause is sufficient to enable the plaintiff upon the trial to show that upon all the facts in the case there was no probable cause for the defendant's action in procuring his arrest.

The demurrer must be overruled, with costs to plaintiff, and with leave to defendant to answer upon payment of costs.