*942 Nolan, P. J., dissents, with the following memorandum: As a matter of pleading the complaint is sufficient, (de Meli v. de Meli, 120 N. Y. 485; Kennedy v. Kennedy, 73 N. Y. 369.) If the doctrine of probable cause applicable in actions for malicious prosecution (cf. Burt v. Smith, 181 N. Y. 1, 5, 6; Hopkinson v. Lehigh Valley R. R. Co., 249 N. Y. 296) is to be applied in this ease, the decree of divorce granted to appellant in New Jersey, although reversed on appeal, is prima facie evidence of reasonable ground for belief in the truth of the charges of adultery made by appellant, and will be sufficient to defeat the complaint in this action, unless respondent establish on trial that the divorce decree was obtained by fraud, conspiracy, perjury, or other undue measures. (Cf. Simmonds v. Sowers, 253 App. Div. 819, affd. 282 N. Y. 651; Staton v. Mason, 119 App. Div. 437.) However, the complaint in this action does not disclose that appellant prevailed on trial in the New Jersey divorce suit, and respondent was under no obligation to allege that fact in pleading her cause of action for a separation. Consequently, the rule announced in cases such as Graham v. Buffalo Gen. Laundries Corp. (261 N. Y. 165) and Laster v. Solotaroff (273 App. Div. 32) does not apply, and respondent may meet the allegations of new matter in appellant’s answer — to the effect that he did prevail on trial in the New Jersey action — by proof that the decree in that action was obtained by undue means, without any affirmative pleading on her part of the facts upon which she will rely for that purpose. (Civ. Prac. Act, § 243.) Those facts, although not pleaded, are sufficiently shown by the affidavits submitted at Special Term, which incorporate by reference the facts stated in the opinion of the New Jersey Court of Errors and Appeals (138 N. J. Eq. 145) on reversal of the divorce decree obtained by appellant, and furnish an adequate basis for the determination at Special Term that respondent has a reasonable probability of success in the present action. Under such circumstances it was for the court at Special Term to decide, in the exercise of sound discretion, whether or not respondent should be awarded alimony pendente lite and a counsel fee. Unless that discretion has been abused, or improvidently exercised, the determination at Special Term should not be disturbed. (Hogan v. Franken, 221 App. Div. 164.) Respondent, in an action for separate maintenance in New Jersey (Armour v. Armour, 135 N. J. Eq. 47), had obtained an allowance for her support, and in that action the custody of the children was awarded to appellant. Contrary to the provisions of that decree, respondent *943 retained custody of the children in New York State, in 1944, and has refused to return them to appellant, in New Jersey, contending that, in the light of changed circumstances, the exercise of custody by appellant would be detrimental to the health and welfare of the children. The children have been in respondent’s custody for the past five years, and until respondent commenced the present action appellant made no attempt to enforce the custodial provisions of the New Jersey decree by resort to the courts of this State, but has paid into court in New Jersey the allowance made in the New Jersey action for respondent’s separate maintenance. These funds are presently available to respondent, but presumably may be resorted to only on compliance with the custodial provisions of the New Jersey decree, which she seeks, in effect, to modify in her present action in this State, or after a modification of the provisions of that decree by means of a proceeding in the New Jersey court. Respondent could have applied in New Jersey for such a modification. She was not required to do so, since she had applied to the Supreme Court of this State for similar relief, in the instant separation action. Had she made her application in the New Jersey court, that court, in its discretion, could have modified the decree without requiring a full compliance therewith pending a determination of respondent’s application for such modification, since the decree in the separate maintenance action was always subject to control and modification by the court in which it was rendered. (Baumgarten v. Baumgarten, 107 N. J. Eq. 274.) The Supreme Court of this State was not required, as a matter of comity, to relegate respondent to an application for relief in the New Jersey court, but was empowered to determine the issues in the instant action, including those relating to custody of the children, and in so doing has at least as much leeway to disregard, qu alify, or depart from the provisions of the New Jersey decree as does the State where it was rendered. (Halvey v. Halvey, 330 U. S. 610; Sistare v. Sistare, 218 U. S. 1.) The court at Special Term has decided, in the exercise of discretion, that relief should be afforded respondent pendente lite, without requiring her to resort to the New Jersey court for relief, and has decided, as the New Jersey court could have done had the application been made to that court, that pending further inquiry as to the merit of respondent’s claim, she should not be compelled to comply with the custodial provisions of the decree which she seeks, in effect, to modify, or to resort to funds deposited in court pursuant to the provisions of that decree. Since there appears in the record sufficient grounds for such an exercise of discretion, it should not be disturbed, except as to the amounts awarded. While the provisions of the separate maintenance decree of the New Jersey court are not conclusive here, they furnish, nevertheless, a proper measure of the appellant’s obligation to respondent, at least until such time as she may establish, after a full hearing, her alleged cause of action for a separation, or facts entitling her to custody of the children and a more adequate allowance for their support. The counsel fee awarded does not appear to be justified by respondent’s present showing of necessity, although a substantial fee is indicated by the facts disclosed in the record. The.order appealed from should be modified by reducing the temporary alimony to $833.33 per month, the amount awarded in the separate maintenance action, to be computed from March 1, 1949, and by reducing the counsel fee to $30,000; and, as so modified, the order should be affirmed, without costs.