# Harsh, McLean & Hardison *v.* Heflin.

*Action on Account, commenced in Justice's Court.*

1. *Appeal from justice's court ; how tried.*—On appeal from a justice's judgment, the trial is entirely *do novo ;* and the justice's judgment, or the result of the trial before him, can not be considered for any purpose.

2. *Argument of counsel ; interference of court.*—On the trial of an appeal case, a reference by counsel, in his argument to the jury, to the result of the trial before the justice of the peace, presents no reversible error, when the record shows that it was promptly rebuked by the court, and the jury were instructed that they could not look to the justice's judgment for any purpose, but must consider the case as if it had originated in that court.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. H. C. SPEAKE.

This action, which was brought by the appellants, suing as late partners, against Alexander Heflin, was commenced in a justice's court, and was removed by appeal, at the instance of the plaintiffs, into the Circuit Court; and on the trial in that court, they reserved a bill of exceptions, as follows: "During the argument of defendant's counsel to the jury, he said: '*Gentlemen, this case has been tried once, and plaintiff failed to get a judgment there, and he will fail here.*' The court stopped him, and told him that it was not right to comment on the result of the trial before the justice of the peace. Plaintiffs' counsel immediately objected and excepted to the language above set out. Thereupon, the defendant's counsel said : '*The case has been tried before a justice of the peace, and the record shows the fact.*' But the court interrupted him just here, and said : '*If you persist in arguing to the jury the result of the trial had before the justice of the peace, I will set aside any verdict you may get.*' Thereupon, defendant's counsel turned from the jury, to a position fronting the court, and said : '*May it*

[Harsh, McLean & Hardison v. Heflin.]

*please your Honor*, *I address my remarks to the court; and I contend that I have a right to argue from the record in this case, and the record shows that the case was tried before a justice of the peace, and the defendant gained it there.*' Plaintiffs immediately excepted to the above remarks of counsel, because it was a statement of facts, as facts, of which there was no evidence, and of which there could be legitimately no evidence; and because the trial in this court was *de novo*, and no evidence could be admitted, and in fact none was admitted, to sustain the said argument of counsel. The court charged the jury, that they must try the case before them by the evidence offered on this trial, without any regard to the result of the trial before the justice of the peace, and must consider the case as if it had originated in the Circuit Court in the first instance."

It is here assigned as error, "that the defendant's counsel in the court below transcended the bounds of legitimate argument, as shown by the bill of exceptions."

J. C. KUMPE, for appellants.

W. P. CHITWOOD, *contra*.

STONE, C. J.—On an 'appeal from a justice's judgment to a higher court, the case is tried *de novo*. It is tried on the evidence adduced, without regard to the ruling of the justice, such ruling and judgment having become vacated by the taking of the appeal. After the appeal is taken, the judgment appealed from can not be invoked as an estoppel, nor be given in evidence on the appeal trial.—*Abraham v. Alford*, 64 Ala. 281. The Circuit Court rightly arrested the line of argument attempted in this case, and should always interpose, to the extent of its power, to prevent any improper influences from getting before the jury. This indispensable arm in civil administration is sworn to render a verdict, not according to prejudice, bias, nor extraneous influence beyond the pale of the testimony, but *according to the evidence given in the cause*. We think, however, that the Circuit Court, in rebuking counsel's unauthorized line of argument, and in charging the jury, withdrew from their consideration the fact of the justice's ruling, and left to the appellant no right of complaint on that score.— *Wolffe v. Minnis*, 74 Ala. 386; *E. T., V. & Ga. R. R. Co. v. Bayliss*, 75 Ala. 466; *Cross v. The State*, 68 Ala. 476; *Sullivan v. The State*, 66 Ala. 48; *Hobbs v. The State*, 74 Ala. 39.

Affirmed.