# Weedon & Dent *v.* Clark.

*Certiorari on Justice's Judgment, in Statutory Claim Suit.*

1. *Certiorari on justice's judgment; verdict as judgment.*—When the proceedings had on the trial of a statutory claim suit in a justice's court are removed by *certiorari* into the Circuit Court, the trial is required to be *de novo*, without regard to any defect or irregularity in the proceedings below (Code, § 3405); and if the transcript from the justice's court shows that, after he had rendered judgment for the plaintiff, the claimant took an appeal to a jury, who returned a verdict against him, but does not show that any judgment was entered on the verdict, the verdict will be considered and treated as standing for a judgment.

2. *Same; summary execution against sureties on claim bond.*—In such case, the *certiorari* does not bring up for review a summary execution issued against the claimant and his sureties on the forfeited claim bond, although the petition describes the judgment as rendered against all of them jointly.

3. *Delivery as perfecting sale.*—Delivery, actual or constructive, is necessary to perfect a sale of personal property; and it can not be asserted, as matter of law, that a sale of a mule is proved by evidence showing only that the owner, being indebted to his son, told him "he might take the mule in payment," and that the son "said he would."

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JESSE M. CARMICHAEL.

The record in this case shows these facts : On March 24th, 1888, a judgment was rendered by a justice of the peace in favor of Weedon & Dent as plaintiffs, against Warren G. Clark, for $72.74 besides costs. An execution on this judgment was levied by a constable, October 13th, 1888, on a mule and other personal property. A claim to the mule, with some of the other property, was thereupon interposed by W. F. Clark, who was the father of said Warren G. Clark, and bond given for a trial of the right of property. On the trial, October 24th, the justice rendered judgment for the plaintiffs, finding that the mule was subject to the execution; and the claimant thereupon took an appeal to a jury, who, on the same day, returned a verdict for the plaintiffs, finding the mule subject to the ex-

ecution, and assessing its value at $130. This verdict was entered up by the justice, but the transcript of his proceedings does not show that he entered up any judgment on it. On November 24th, the claim bond having been returned forfeited by the constable, the justice issued an execution against the claimant and his sureties on the bond. On the 12th December, the claimant filed his petition for a *certiorari*, addressed to the probate judge, seeking to remove the proceedings for review into the Circuit Court; but the petition described the judgment as having been rendered by the justice against the claimant and his sureties on the bond, and as being for $67.75, besides costs.

In the Circuit Court, the plaintiffs in execution moved to dismiss the proceedings, which motion was overruled; and they then filed pleas setting up the facts above stated, as showing that there was no such judgment as that described in the petition. The court sustained demurrers to these pleas, and required the parties to join in an issue of fact as to the liability of the mule to levy under the plaintiffs' execution. On the trial of this issue, as the bill of exceptions states, "it was admitted that Warren G. Clark, the defendant in execution, bought the mule in Eufaula in the early part of the year 1888, and owned her and made a crop with her that year." The claimant, testifying for himself, "stated that, several weeks before the plaintiffs' execution was levied on the mule, he purchased her from said Warren G., his son, by taking her in full satisfaction of a debt for $130 which said Warren G. owed him; that soon afterwards, and before the levy of the execution, being indebted to Morgan Clark, another son, in the sum of $130 for services rendered, he told Morgan that he could take the mule, if he wished, in satisfaction of that debt; that Morgan replied, 'All right, he would do so;' that the mule was then in his (claimant's) lot, and was not taken therefrom by said Morgan, nor delivered to him; that said Morgan was then in his employment, acting as overseer and general manager of the farm, and being with him on the farm; that nothing more was said about it until the end of the year, after the levy of the execution, when he and Morgan had a settlement, and Morgan was charged with the mule at $130, and it was delivered to him at that time." There was other evidence as to the ownership of the mule.

The plaintiffs requested the following charges to the jury, and duly excepted to their refusal: (1.) "If the jury believe from the evidence that the claimant, prior to the interposition of his claim in this case, owed Morgan Clark a debt, and told him he could take the mule for said debt, and Morgan said he

would; then the property is not the claimant's, and the plaintiffs ought to recover." (2.) "If the jury believe the evidence, they must find for the plaintiffs in execution."

The refusal of the charges asked, and the other rulings above stated, are assigned as error.

JACKSON E. LONG, for appellant.

P. A. McDANIEL, *contra*.

McCLELLAN, J.—There appears to have been a judgment rendered by the justice of the peace against the claimant, on October 24, 1888, an appeal to and trial by jury on the same day, and a verdict rendered against claimant as to the property now involved, and in his favor as to other items condemned by the justice to the satisfaction of the execution, but no judgment was pronounced or entered on this verdict. The verdict itself, however, was recorded on the justice's docket; and under our statute, which provides that on appeal or *certiorari* to the Circuit Court the case must be tried "*de novo*, and according to equity and justice, without regard to any defect in the summons, or other process or proceedings before the justice," the verdict may, for the purposes of that appeal and this, stand for the judgment of the justice's court.

That was the only judgment in the case. It is an error to suppose that the issuance of executions against the sureties on the claim bond, upon its return forfeited under section 3568 of the Code, is a judgment, summary or otherwise, and that the *certiorari* brought that action of the justice under review. The writ which was invoked here was that provided by statute, and its effect was to require a new trial in the Circuit Court, without any reference to the action of the justice's court. Code, §§ 3400, 3405; *Abraham v. Alford*, 64 Ala. 281; *Harsh v. Heflin*, 76 Ala. 499.

The general charge requested for the plaintiffs was properly refused. It proceeded on the theory, that the claimant had sold the property to his son. The evidence can not be said, as matter of law, to establish that theory. It bore a tendency, in one aspect, to show that there had been no sale by the claimant to his son, in that there had been no delivery essential to constitute a sale. At least the jury might have so found, and the charge would have deprived them of the right to so find.

The other charge requested for plaintiffs is bad upon like considerations. The facts that claimant told his son he

[Jernigan v. Flowers.]

might have the mule in payment of a debt which claimant owed him, and that the son "said he would," manifestly do not, of themselves, constitute a sale of the property.

Affirmed.