## J. H. MILLER, Appellant, v. W. H. RUNKLE.

**Malicious prosecution:** OPPRESSION IN OFFICE: DISTINCTION. Recov-
1 ery cannot be had in an action for malicious prosecution with-
out a showing of malice and probable cause, while the question
for probable cause is not involved in an action for oppression
in office.

**Malicious prosecution:** PROBABLE CAUSE: REMISSION OF FINE. In an
action for malicious prosecution a conviction is *prima facie*
evidence of probable cause, which, if uncontradicted will estab-
lish that fact; and a remission of the fine upon conviction has
no tendency to negative probable cause.

*Appeal from Linn District Court.*—HON. J. H. PRESTON,
Judge.

FRIDAY, JANUARY 24, 1908.

SUIT to recover damages for a malicious prosecution.
There was a directed verdict for the defendant, and a judg-
ment thereon, from which the plaintiff appeals.— *Affirmed.*

*Jamison & Smyth, for* appellant.

*Mac J. Randall* and *Chas. W. Kepler & Son,* for
appellee.

SHERWIN, J.— At the time of the transaction in ques-
tion the defendant was mayor of the town of Lisbon, Iowa,
and the plaintiff, who was a resident of said town, was about
to sell a stock of shoes at auction in said town.   An ordi-
nance of the town required all transient merchants to procure
a license from the town, and fixed the amount thereof at
not less than $1 or more than $25 per day.   The defendant
notified the plaintiff that he came within the provisions of
said ordinance, and would be required to take out a license
before engaging in the business he contemplated; and upon
the plaintiff's refusal to do so, the defendant signed an
information, issued a warrant of arrest thereon, and in due
time heard the case, and found the plaintiff guilty.   But
after the arrest was made, and before a plea was entered
by the defendant, or a trial had, an amended and substituted
information, signed and sworn to by the city attorney, was
filed.   A fine of $10 was imposed, which was afterwards,
and after the defendant had been superseded as mayor, re-

mitted by the town on a stipulation between the plaintiff and the town.

There is a controversy between counsel as to whether this is a suit for a malicious prosecution, or one for oppression in office. The name of the action is not material,

1. MALICIOUS PROSECUTION: oppression in office: distinction.

however, and whether it be for one or the other, no recovery can be had in the absence of a showing of malice on the part of the defendant. The only difference that now occurs to us is that, in the former, recovery may not be had, unless there was a want of probable cause, while in the latter, no such question is involved. *Center v. Spring,* 2 Iowa, 393; *Charles City Plow & Mfg. Co. v. Jones & Co.,* 71 Iowa, 234.

The plaintiff insists that he has shown a case of malicious prosecution, and we shall treat the case on the theory thus presented. The proceedings began when the

2. MALICIOUS PROSECUTION: probable cause: remission of fine.

defendant filed the information, which he had signed; and whatever question may be made as to the propriety of his action in so doing, it is clear that the plaintiff cannot maintain this action without showing want of probable cause and malice, and this we think he has wholly failed to do. While an acquittal and discharge by a magistrate having power to bind over is evidence of want of probable cause, it is not conclusive, and the defendant may still show that he had probable cause. The terminaton of the proceeding must, in general, be by final acquittal; and, where a conviction has been had which stands, it is generally held to be absolutely conclusive as to probable cause. It has been held, and Judge Cooley so declares the rule to be, that if the defendant is convicted in the first instance and appeals, and is acquitted in the appellate court, the conviction below is conclusive of probable cause. *Whitney v. Peckham,* 15 Mass. 243; *Payson v. Caswell,* 22 Me. 212; Cooley on Torts, 185. The above rule has not received the approval of this court; but we have held that a convicton is prima facie

evidence of probable cause, and if not contradicted will establish probable cause. *Olson v. Neal,* 63 Iowa, 214; *Moffat v. Fisher,* 47 Iowa, 473.

The remission of the fine in this case is relied upon to show want of probable cause, but it is not under all of the authorities which we have examined, entitled to weight on the question. It is probably true that the town might lawfully waive the payment of the fine, and if so, such waiver does not necessarily indicate that the convicton was unjust or without probable cause.

We have examined the record with care, and reach the conclusion that there was insufficient evidence of malice and of want of probable cause to take the case to the jury, and the judgment must therefore be, and it is, *affirmed.*