# Holland *v.* Fairbanks-Morse & Co.

## *Assumpsit.*

(Decided Dec. 16, 1909.   Rehearing denied Feb. 26, 1910.
51 South. 931.)

*Judgment; Res Adjudicata; Libel.*—It not appearing that a personal judgment for or against the parties defending a libel suit could have been rendered against them in such suit, a judgment in such libel suit in favor of the boat in a libel against it for materials bought for it is not available in support of a plea of res adjudicata in an action by the same plaintiff against the person who bought the materials for the boat, for the price thereof, notwithstanding the issues involved in such action were litigated in the first, and the person sued in the second defended the first.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by Fairbanks, Morse & Co. against George Holland and others. Judgment for plaintiff, and defendants appeal. Affirmed.

The first, second, third, and fourth counts are the common counts, and the fifth count is for breach of a contract, for the price of an engine and stern-wheel equipment to a boat, pleading the delivery of the machinery to the defendants and their failure to pay the balance of the contract price. The third plea was as follows: "That the matters and things involved in this suit were also involved in a certain suit formerly pending in the District Court of the United States of America for the Western District of Kentucky, wherein and whereby the present plaintiff filed a libel against the gasoline boat White Oak, for which the defendants in this case bought the articles for the price of which the present suit is brought, and the present defendants in this suit defended said suit, and were at the time the alleged cause of action arose the owners of said boat.

[Holland v. Fairbanks-Morse & Co.]

Upon due consideration of the issues in said cause, the present plaintiff was cast in said suit in the said District Court of the United States, and judgment was rendered against the plaintiff and against plaintiff's claim in said case, which judgment was found, and is now in full force and unreversed." The second ground of demurrer was as follows: "It is not averred that the defendants, or either of them, were parties to the suit or to the judgment in the cause pending in the District Court of the United States of America for the Western District of Kentucky."

E. W. GODBEY, for appellant. Plea 3 was a good plea of res adjudicata.—23 Cyc. 1170; Id. 1240; *Wager v. Providence 1. Co.*, 115 U. S. 110; *Bendernagle v. Cocke*, 19 Winn. 208; *Goodrich v. Chicago*, 19 L. Ed. 512; *Strange v. Moog*, 72 Ala. 466; *Nelson v. Johnson*, 18 Ind. 332; *Goodrich v. The City*, 5 Wall. 566; *Post v. City of Lincoln*, 25 Fed. 843; *The Tubal Cain*, 9 Fed. 837. There can be no question as to the jurisdiction of the Federal Court.—*Ex parte Watkins*, 3 Pet. 207; *Dowdell v. Applegate*, 152 U. S. 340; *C. & O. R. R. v. McCabe*, 213 U. S. 221; *Bailey v. Sundeburg*, 49 Fed. 584.

CALLAHAN & HARRIS, for appellee. The subject matter of the present suit is a debt, while the subject matter of the proceedings referred to in the pleadings is the boat—the thing itself.—*Bank v. Pullen*, 29 South. 684. Hence, the judgment there did not operate as res adjudicata or as a measure of the judgment.—Black on Judgment, 675; *Tobey v. Brown*, 11 Ark. 308; *Durant v. Abendroth*, 97 N. Y. 142; *Tabor v. Cherro Gordo*, 54 Fed. 395. The matters adjudicated must have been directly involved.—*Phillips v. Thompson*, 3 S. & P. 378;

*McCall v. Jones,* 72 Ala. 371; *Strauss v. Meertief,* 64 Ala. 311. The defendants were not parties to the record nor in privity with the parties.—*Litchfield v. Goodman,* 123 U. S. 550, and authorities supra.

ANDERSON, J.—The third plea does not set up a judgment that would be binding upon this plaintiff, so as to preclude it from recovering a judgment against the present defendants. It does not aver or show that these defendants were privies or parties to the former suit. It shows that the action was against the boat, and not the present defendants; and while they may have defended the suit against the boat, and the issues here involved may have been litigated, there is no averment in the plea that the adjudication of same could be binding between the parties to the present cause. It is true the plea avers that the issues here involved were those involved in the former suit, and which might include the defendants' personal liability; yet a decision of this question, in a suit between this plaintiff and the boat, could have had no binding effect upon these defendants, who were not parties thereto, and who merely defended the suit for the boat. There is nothing in the plea to indicate that a personal julgment could have been rendered for or against these defendants in the former suit.

If, therefore, no valid judgment could have been rendered against these defendants in the former suit, then the judgment in favor of the boat could not preclude the plaintiff in the present suit, regardless of the issues that may have been injected in the suit between it and the boat.—*Fidelity Co. v. Robertson,* 136 Ala. 379, 34 South. 933, and cases there cited; *Phillips v. Thompson,* 3 Stew. & P. 381.

Plea 3 was subject to the second ground of the demurrer, if not to some of the other grounds.

The judgment of the law and equity court is affirmed. Affirmed.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.