## PLATT v. BONSALL et al.

(Supreme Court, Appellate Division, Second Department. January 26, 1910.)

1. MALICIOUS PROSECUTION (§ 24*)—PROBABLE CAUSE—RESULT OF PROSECUTION.

> Where plaintiff was arrested, charged with conversion, and upon trial acquitted by a jury, the fact that the trial judge set aside the verdict on the ground that the evidence showed a conversion, which ruling was reversed on appeal, did not establish probable cause for the prosecution, so as to bar an action for malicious prosecution, but was only evidence thereof.

> [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 50; Dec. Dig. § 24.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. COURTS (§ 97\*)—DECISIONS OF UNITED STATES COURTS AS AUTHORITY IN STATE COURTS.**

Decisions of the Supreme Court of the United States are not controlling in actions in the state courts as to matters relating to the general administration of justice in the state or the power and proceedings of its courts, but only when federal questions are involved.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 329, 333; Dec. Dig. § 97.\*]

Appeal from Trial Term, Westchester County.

Action by Arthur C. Platt against Seymour W. Bonsall and another. From a judgment dismissing plaintiff's complaint, and an order denying a motion for new trial, plaintiff appeals. Reversed, and new trial granted.

See, also, 128 App. Div. 898, 112 N. Y. Supp. 1143.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, JENKS, and THOMAS, JJ.

Robert B. Honeyman, for appellant.

H. V. Rutherford, for respondents.

RICH, J. The defendant Bonsall is the owner of practically all of the stock of his codefendant, the Innovation Trunk Company, of which corporation the plaintiff was at one time president and treasurer, having the management of its business. Differences arose between himself and Bonsall, whereupon he resigned his offices and relinquished the management. Thereafter Bonsall caused an action to be brought in the name of the corporation against the plaintiff in the City Court of the City of New York for the alleged conversion of money belonging to the corporation, in which action he was arrested and committed to jail. Upon the trial of that action a verdict was rendered in favor of the plaintiff in this action, which was set aside upon the sole ground that the evidence established the conversion alleged. An appeal was taken to the Appellate Term, which reversed the order and reinstated the verdict, upon which judgment was accordingly entered. The plaintiff then brought this action to recover damages for malicious prosecution. Upon the trial the learned justice dismissed the complaint upon the single ground that the order of the City Judge setting aside the verdict, although reversed, established probable cause, and was a bar to the prosecution of an action for malicious prosecution.

This ruling presents the only serious question requiring consideration. The respondents seem to sustain this ruling upon the authority of Crescent City Live Stock Co. v. Butchers' Union, 120 U. S. 141, 7 Sup. Ct. 472, 30 L. Ed. 614. In that case the plaintiff recovered judgment in the Circuit Court, which was reversed on appeal. In an action subsequently brought by the defendant for malicious prosecution, it was held by the United States Supreme Court that the judgment of the Circuit Court in favor of the plaintiff in the original action, although reversed on appeal, was sufficient evidence of probable cause to prevent the maintenance of the action for malicious prosecution; such judgment not having been impeached as having been

obtained by unfair means. It was held in People ex rel. C. P., etc., R. R. Co. v. Willcox, 194 N. Y. 383, 87 N. E. 517, that decisions of the Supreme Court of the United States are controlling only when federal questions are involved, and that, while the utmost respect should be given to them, yet so far as the administration of justice in this state and the power and proceedings of its courts are concerned they are not controlling. I am unable to find any authority in this state following the rule declared in the federal court. In Burt v. Smith, 181 N. Y. 1, 73 N. E. 495, Judge Vann, writing for the court, says:

"We find no case in this state where the effect of a judgment of a court of superior jurisdiction in this regard has been passed upon, although it has been held that a judgment rendered by a justice of the peace and subsequently reversed upon appeal is not conclusive, but only prima facie evidence of probable cause."

And in Schultz v. Greenwood Cemetery, 190 N. Y. 276, 83 N. E. 41, the Court of Appeals seems not to have favored the rule declared in the Crescent City Case, and to have established the rule to be that such a final judgment is prima facie evidence only of probable cause. In the case of Crescent City Live Stock Co. v. Butchers' Union, supra, a final judgment of a court of superior jurisdiction had been obtained, while here no judgment or decree is presented by the case under consideration as the basis for the application of the rule made by the trial court, and that case does not aid the respondents' contention. The jury in the City Court action determined that Platt was not guilty of conversion, and their verdict was in his favor after a trial upon the merits. The respondents' contention is based upon the order of the judge, which set the verdict aside and granted a new trial upon the erroneous conclusion that, while the facts were as found by the jury, nevertheless they established conversion as matter of law. It seems clear that the erroneous conclusion of a trial judge on a question of law is not and cannot be made conclusive on the merits of the controversy.

The rule contended for by the respondent has no application to the facts presented by the record in the case at bar. The order of the City Judge was, at the utmost, evidence only of probable cause, which, with the other evidence in the case, should have been submitted to the jury for their consideration in determining the presence or absence of probable cause.

The judgment is reversed, and a new trial granted; costs to abide the event. All concur.