[Stewart v. Blair.]

# Stewart *v.* Blair.

## *Malicious Prosecution.*

(Decided Feb. 9, 1911.  54 South. 506.)

1. *Appeal and Error; Harmless Error; Evidence.*—Where plaintiff had been discharged by a committing magistrate, it was harmless error to permit him to show a failure to indict by the grand jury.

2. *Malicious Prosecution; Termination of Prosecution.*—A discharge by a commmitting magistrate is a sufficient termination of a prosecution to sustain an action for malicious prosecution and plaintiff is not required to show a failure of the grand jury to indict.

3. *Same; Want of Probable Cause; Advice of Counsel.*—It is a complete defense to an action for malicious prosecution that the defendant acted on the advice of counsel given on a full and fair statement of the facts.

4. *Same; Action; Jury Question.*—Where the evidence is conflicting it is a question for the jury to determine whether the defendant made a full and fair statement of the facts to an attorney who advised the prosecution.

5. *Same; Evidence.*—The fact that the one prosecuted has a family may be shown in an action for malicious prosecution as tending to increase the damages for mortification.

APPEAL from Coosa Circuit Court.

Heard before Hon. H. P. MERRITT, Special Judge.

Action by John Blair against J. S. Stewart for malicious prosecution.  Judgment for plaintiff and defendant appeals.  Affirmed.

JOHN A. DARDEN, and GEORGE A. SORRELL, for appellant.  The court erred in permitting plaintiff to show that the grand jury had not indicted him.—25 Cyc. 55-A. The court erred in permitting it to be shown that plaintiff was a married man.—*Killebrew v. Carlisle,* 97 Ala. 535; *Lunsford v. Dietrich,* 86 Ala. 250; 26 Cyc. 61. The plaintiff should have been permitted to show that he relied upon the advice of his counsel.—*Steed v. Knowles,*

79 Ala. 446; *Longmire v. The State,* 130 Ala. 67; *National S. Co. v. Marbury,* 138 Ala. 217; 26 Cyc. 31-d. The general charge should have been given because defendant proved his 3rd plea without conflict.—*Gilliland & Son v. Martin,* 42 South. 7. The advice of counsel given on a full and fair statement of the facts was a complete defense to this action.—Authorities supra and *Marks v. Hastings,* 101 Ala. 173.

RIDDLE, ELLIS, RIDDLE & PRUET, for appellee. The offense of trespass after warning is an offense against possession and not against the title.—*Scwell v. The State,* 82 Ala. 57; *Humbree v. The State,* 81 Ala. 67; *Watson v. The State,* 63 Ala. 19. In an action for malicious prosecution it is necessary to show institution of prosecution, that it was malicious, and that it has ended.—*Brown v. Master,* 104 Ala. 463; *So. Car Co. v. Adams,* 131 Ala. 147. It was proper to prove that no indictment had been found and that the committing magistrate had discharged the plaintiff.—*Foster's case,* 73 Ala. 595. Malice may be presumed from want of probable cause.—*Gamble v. Schmuck,* 131 Ala. 331. Where the evidence is conflicting, it is for the jury to determine whether a full and fair statement of the facts were made to the attorney advising the prosecution.—*National S. Co. v. Marbury,* 139 Ala. 217; *O'Neal v. McKinney,* 116 Ala. 606; *McLeod v. McLeod,* 73 Ala. 42. The court did not err in the admission of evidence as to damages.—*Killibrew v. Carlisle,* 97 Ala. 535; *Vandiver & Co. v. Waller,* 143 Ala. 411; *Davis v. L. & N.* 108 Ala. 662; *L. & N. v. Hall,* 91 Ala. 112.

ANDERSON, J.—This case was tried upon count 1 for malicious prosecution, the other counts having been eliminated by amendment, and any ruling that the trial

court made upon the demurrers to the stricken counts can be of no avail to the appellant, as he was put to no defense to said counts.

The plaintiff in order to recover in this action had to aver and prove a final determination of the prosecution, but when he showed a discharge by the magistrate, he proved a determination of this particular prosecution. The justice was only a committing magistrate, but when he discharged the defendant, this operated as an end of this particular prosecution, and it was not incumbent upon the plaintiff to go on and show an investigation and failure to indict by the grand jury. Had the magistrate bound the accused over to the grand jury, their investigation and action would have been but a continuation of the prosecution, and it would be up to the accused to show a final determination by said body. Nor would the discharge by the magistrate preclude an indictment or operate as a bar thereto, and the prosecutor would still have a right to go before the grand jury and have the accused answer to an indictment; but this would not be a continuation of the same prosecution, which had been put to an end by the action of the committing magistrate, in discharging the accused upon the preliminary hearing.—*Long v. Rogers,* 17 Ala. 540; *Rider v. Kite,* 61 N. J. Law, 8, 38 Atl. 754; *Foster v. Napier,* 73 Ala. 595. The plaintiff, having shown the judgment discharging him, was not required to negative a subsequent bill by the grand jury, and any error that he committed in attempting to do this, by the witness Bailey, was without injury to the defendant.

It has been repeatedly held, in cases of this character, where the existence of malice is essential to a recovery, and the defendant did not make the affidavit or cause the prosecution to be instituted until he was advised to do so by an attorney, after all the facts had been

fairly submitted, that these facts when proven are a complete defense to the action.—*Goldstein v. Drysdale,* 148 Ala. 486, 42 South. 744; *Shannon v. Simms,* 146 Ala. 673, 40 South. 574; *O'Neal v. McKinna,* 116 Ala. 620, 22 South. 905. It was a question, however, for the jury to determine whether or not the defendant made a full and fair statement of the facts to the attorney, Darden, as there was a sharp conflict between his and the plaintiff's evidence as to the extent of the warning; whether or not plaintiff went on any premises across the branch and outside of the mill tract. Nor could the prosecution well be predicated on going to the mill, as there was proof that the Reeds, and not the defendant, were in possession of the mill tract.—*Goldstein v. Drysdale, supra; McLeod v. McLeod,* 73 Ala. 42. The defendant was not entitled to the general charge, which was properly refused by the trial court.

The trial court did not err in permitting the plaintiff to show that he was a married man and had a family of children and a daughter 18 years old. He could not, of course, ingraft their mental anguish upon his recoverable damages, but he did have a right to recover for his own wounded pride and feeling, and which was specially claimed in the complaint, whether he had to do so or not, caused by the prosecution and arrest, and the fact that he had a family and a grown daughter might intensify his mortification and wounded pride, when meeting them after his arrest, and the consciousness on his part that they knew of and could appreciate the gravity and disgrace of a prosecution and arrest would be a circumstance tending to increase his mortification and humilation, and were circumstances to be considered by the jury in passing upon the mental anguish of the plaintiff and in assessing the damages resulting therefrom.

We have considered the other rulings upon the evidence, and the action of the trial court is so clearly free from reversible error in respect to same that it would be needless to incumber this opinion with a detailed discussion of same.

The judgment of the circuit court it affirmed.

Affirmed.

D'OWDELL, C. J. and SAYRE and SOMERVILLE, JJ., concur.