# Sloss-Sheffield Steel & Iron Company v. Devaney.

### Malicious Prosecution and False Imprisonment.

(Decided November 28, 1912. Rehearing denied January 21, 1913. 60 South. 990.)

1. *Malicious Prosecution; Elements.*—In order to recover for malicious prosecution, a plaintiff must show that a criminal prosecution was instituted against him without probable cause and maliciously, and that the prosecution had been determined or ended, hence, a plaintiff may not maintain an action for malicious prosecution by merely showing his arrest for crime, and his release on bail to appeal from term to term, but not showing that he had been acquitted or discharged, or that the prosecution had ended.

2. *False Imprisonment; Damages; Evidence.*—One suing for false imprisonment may allege and prove mental suffering in consequence of being prevented from rendering aid to his sick child.

3. *Appeal and Error; Harmless Error; Evidence.*—The exclusion of a relevant fact is rendered harmless by permitting a witness subsequently to testify to that fact, and correctly charging the jury with reference thereto.

4. *Trespass; After Warning; Elements.*—It is competent in a prosecution under section 7827, Code 1907 (trespass after warning) to show that at the time of the trespass accused was called to come on the premises by some one seemingly in charge thereof, such as military guards on duty, and actually on the premises, though it was not made clear that such guards were authorized to admit persons to the premises; for the entry was rightful if the guards had discretion to admit a person and admitted the accused.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by J. A. Devaney against the Sloss-Sheffield Steel & Iron Company, for malicious prosecution and false imprisonment. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

BANKHEAD & BANKHEAD, for appellant. The court was in error in refusing to strike the allegations of mental suffering, and in overruling demurrers to the counts in which these averments occur.—*Exner v.*

*Exner,* Abbotts Notated Cases 108; 19 Cyc. 360. The proof failed to support the complaint for malicious prosecution, as it does not appear that the prosecution had ended.—*Saunders v. Davis,* 153 Ala. 375; *Southern Car Co. v. Adams,* 131 Ala. 157. Written charge No. 8 and written charge A should have been given.—*Tutwiler v. Tuvin,* 158 Ala. 657; *Cross v. The State,* 147 Ala. 125; *Burkes v. The State,* 117 Ala. 148. It was competent to show that written notices had been posted warning all people off.—*Harper v. The State,* 109 Ala. 28; *Owens' Case,* 74 Ala. 401.

J. D. ACUFF, and R. A. COONER, for appellee. If the allegations were improper, they could have been overcome by objections to evidence and requested charges, and the court will not be put in error for refusing the motion to strike, or overruling the demurrers.—*Worthington v. Gwinn,* 24 South. 739. Counsel discuss other assignments of error, but without further citation of authority. On rehearing they insist that the failure of the clerk to copy properly the bill of exceptions should not be held against the appellee, and that the court should order a rehearing and grant certiorari to bring up a correct record, that the case may be affirmed.—*Goodwin v. Hooper,* 45 Ala. 613; *Quiggby v. Campbell,* 12 Ala. 58.

PELHAM, J.—The appellee brought his suit in the trial court, claiming damages for false imprisonment and malicious prosecution. The first, third, fourth, and fifth counts, and counts designated as "A" and "B" are for false imprisonment. Count No. 2 is for malicious prosecution.

The appellant, among other charges, requested the general charge on count No. 2, and urges the point

here that the court below erred in the refusal to give this instruction because of the entire absence of proof showing a termination of the prosecution or judicial proceedings, the foundation of the allegations of the second count of the complaint, upon which the right to recover is based. The appellee's counsel, in answering this contention, cite us to the evidence of the plaintiff, J. A. Devaney, set out in the bill of exceptions. We have examined the testimony of this witness with much care to find the necessary evidence showing that the proceeding had been determined, but fail to find anything in the testimony of this or any other witness set out in the transcript that is susceptible of such a construction. The witness Devaney testified on this subject: "I attended the Law & Equity Court in April, 1909. I did not plead to any action in that court of trespass after warning. I was tried in that court on a charge of that kind. I never saw any papers at the time. I never saw any papers at the time; yes, sir, that is the papers I am pretty sure." Set out in connection with the testimony of this witness is the warrant and affidavit charging a trespass and also an indorsement showing the return of the officer committing the accused party (plaintiff) to jail. The bond upon which the accused secured his release from imprisonment, and binding him to appear from term to term before the Walker county law and equity court, is also set out, but nothing to show that the accused had been acquitted or discharged or that the prosecution had been determined favorably to him, or otherwise for that matter. To entitle the plaintiff to recover on the second count of the complaint, it was necessary to show, not only that the prosecution for trespass after warning was instituted without probable cause and that it was malicious, but also that the prosecution had been determined.—

*Southern Car Co. v. Adams,* 131 Ala. 147, 32 South. 503; *McLeod v. McLeod,* 75 Ala. 483; *Stewart v. Blair,* 171 Ala. 147, 54 South. 506; *Sanders v. Davis,* 153 Ala. 375, 44 South. 979.

The motions to strike certain allegations in the counts for false imprisonment are not presented in such a way as to be reviewable here.—*Lay v. Postal Telegraph Co.,* 171 Ala. 172, 54 South. 529; *Harrison v. Ala. Mid. Ry. Co.,* 144 Ala. 246, 40 South. 394, 6 Ann. Cas. 804; *Marsicano v. Phillips,* 6 Ala. App. 229, 60 South. 553.

The demurrers attacking these counts of the complaint on the ground that they set up claims for damages not recoverable are not well taken.—*Hayes v. Miller,* 150 Ala. 621, 43 South. 818, 11 L. R. A. (N. S.) 748, 124 Am. St. Rep. 93; *Woodstock Iron Co. v. Stockdale,* 143 Ala. 550, 39 South. 335, 5 Ann. Cas. 578. It was held in *Stewart v. Blair,* 171 Ala. 147, 54 South. 506, which was a suit for malicious prosecution, that it was proper to permit the plaintiff to show that he was a married man, and had a family of children and a daughter 18 years old, for the purpose of allowing the jury to properly estimate the plaintiff's wounded pride and feelings; this element of damage being specially claimed in the complaint. The claim for mental suffering in consequence of being kept away from and being prevented from rendering aid to a sick child would seem, under the influence of what is said in *Stewart v. Blair, supra,* to be well pleaded, and legal evidence in support of the allegation would, of course, be permissible.

The error committed in refusing to allow the witness Palmer to testify to the written notices warning trespassers to keep off the premises was cured by subsequently permitting this witness to testify fully in respect to the matter of these notices, and the court in its

[Sloss-Sheffield Steel & Iron Company v. Devaney.]

oral charge referred to this evidence and correctly instructed the jury with reference to it.

The statute the plaintiff had been accused of violating (Code, § 7827) provides that, if the trespass is committed "without legal cause or good excuse," the person so trespassing shall be guilty of the offense described. The fact, if it be a fact, that at the time of the trespass the plaintiff had been called to come upon the premises by some one seemingly in charge of the premises, whether that person was a guard, or some member of a military company, or any other person occupying such a position with respect to the premises, would be competent evidence to go to the jury to be considered by them in connection with all of the evidence in arriving at a conclusion as to whether or not the plaintiff had gone upon the premises without good excuse. If guards are stationed on premises with discretion as to the admission of persons and admit a person, the entry under such invitation is rightful.—*Tutwiler Coal, Coke & Iron Co. v. Tuvin*, 158 Ala. 657, 48 South. 79. The proof as presented by this record is not clear that the military guards who the plaintiff claims called to him to come upon the property were clothed with the authority to admit persons to the premises, but this is the only reasonable and rational conclusion to draw from the fact that they are shown to be a military guard on duty and actually on the premises in question at the time.

The case must be reversed for the error pointed out and discussed.

Reversed and remanded.