# Sandlin *v.* Anders.

*Malicious Prosecution and False Imprisonment.*

(Decided April 16, 1914.   Rehearing denied May 21, 1914.
65 South. 376.)

1. *Trespass; Criminal; Statute.*—The provisions of section 7833, Code 1907, as to severing and carrying away from the freehold property or things thereto attached, when read in connection with the preceding clause relative to cutting down or destroying any wood or timber, etc., and with section 7324, Code 1907, must be construed as pertaining to things other than wood or timber.

2. *Malicious Prosecution; Pleading; Variance.*—The affidavit considered and held, though defective, as intended to charge the crime of larceny under section 7324, Code 1907, and not to charge the offense described by section 7833, Code 1907, as the latter section deals rather with the trespass involved than with the larcenous appropriation; the word "feloniously" as used in the affidavit meant with intent to steal, and hence, a defendant in such affidavit could recover in an action for malicious prosecution under a complaint alleging that the prosecution was for larceny.

3. *Same; Termination; Mode.*—Where a magistrate misconceived the nature of the prosecution, incorrectly labelled it, and mistakenly sent it to the trial court instead of to the grand jury, and an order of the court to which it was sent, striking such cause from the docket, was made in the course of prosecution, such an order was the end of the prosecution in such a sense as to support an action for malicious prosecution.

4. *Same; Instructions.*—A charge asserting that the burden was on plaintiff to prove that in instituting the prosecution defendant acted maliciously and without probable cause, and that in determining the question of probable cause the jury should not consider the fact of an acquittal, but should deal with the case as though it were new before them, had a tendency to mislead the jury to believe that they were to try the question of plaintiff's guilt of the charge against him as an original question, although the prosecution had ended in his favor, and the inquiry as to his guilt was not controlling as to probable cause; especially where it appeared that he had title to the property which in the criminal prosecution he was charged to have stolen.

5. *Same.*—A charge asserting that in determining whether defendant had probable cause for instituting the prosecution, the jury might look to the fact that the inferior court adjudged plaintiff guilty, singled out one fact, thus pretermitting other evidence relevant and material.

6. *Same; Advice of Counsel.*—Charges asserting that in determining whether defendant acted maliciously, the jury might look to the fact that he sought the advice of an attorney before whom he laid the facts and circumstances, and that he instituted the prosecution upon the advice of such counsel, failing to hypothesize that defendant relied upon and acted upon such advice in good faith, were properly refused.

7. *Mortgages; Foreclosure; Title of Purchaser.*—The purchaser of land at a mortgage foreclosure sale, who has received a deed in due form and whose title has not been redeemed, defeated nor impeached, was the owner of the land, and of the growing trees thereon, covered by such mortgage.

8. *Landlord and Tenant; Landlord's Title; Estoppel.*—A purchaser of land at a mortgage sale who was induced to execute rent notes by another by whom he was misinformed and mislead as to his rights, and the effect of the arrangement into which he had entered, was not deprived of his right to hold and claim adversely as to such person.

9. *Same.*—The owner of land who executes rent notes to another, apart from any question of fraud alleged to have been practiced in connection with the execution of such notes, was only required by his attornment to surrender possession at the end of the stipulated term, and his legal title was not thereby affected.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by James A. Anders against Randolph Sandlin, for malicious prosecution and false imprisonment.

[Sandlin v. Anders.]

Judgment for plaintiff, and defendant appeals. Affirmed.

The contents of the affidavit sufficiently appear in the opinion. The following charges were refused to defendant:

(25) In determining whether defendant had probable cause for instituting the prosecution, you may look to the fact, if it be a fact, that the inferior court of Hartselle adjudged plaintiff guilty of the offense.

The instruction made the basis of the forty-second assignment of error is as follows:

I charge you that the burden is on plaintiff to prove that defendant, in instituting the prosecution in question acted maliciously and without probable cause; and in determining the question of probable cause, you should not consider the fact of an acquittal, but should deal with the cause as though it were new before you.

The charges relative to advice are substantially as follows:

In determining whether or not the defendant acted maliciously in instituting the prosecution, you may look to the fact, if it be a fact, that he sought the advice of an attorney, and had laid the facts and circumstances before the attorney, and instituted the prosecution upon the advice of said attorney so consulted.

TIDWELL & SAMPLE and WERT & LYNNE, for appellant. The affidavit or complaint did not charge larceny under § 7374, Code 1907, but charged trespass under § 7833, Code 1907, and hence, there was a variance between complaint and proof.—*Chambliss v. Blau,* 127 Ala. 86. The order of the law and equity court was not a termination of the prosecution, and was hence, improperly admitted in evidence.—*So. C. & F. Co. v. Adams,* 32 South. 503; 38 Cyc. 1294. On these same au-

thorities charges 6, 12 and 20 were erroneously refused. The court erred in giving charges 11 and 7 for plaintiff.—*Tyson v. Chestnutt,* 118 Ala. 387; 27 Cyc. 1865. Charge 4 given for plaintiff was patently bad.—*So. C. & F. Co. v. Adams, supra; Billingsly v. L. & N.,* 59 South. 443; *Davis W. Co. v. Common,* 29 South.841; *Young v. Brock,* 51 South. 315. The court erred in overruling objections to the questions as to the holding of the land and the cutting of the timber. The court erred in refusing charges 28, 29 and 30, requested by defendant.—*Whitehurst v. Ward,* 12 Ala. 264; 26 Cyc. 26. The court erred in refusing charge 7.—*Singer M. Co. v. Bryant,* 52 S. E. 320; 19 A. & E. Enc. of Law, 665. Charge 25 should have been given.—19 Ala. 605. The court erred in refusing charges 1, 2 and 9, as well as charge 24 and charge 26. Counsel discuss the refusal of the affirmative charge and other charges, but without further citation of authority.

OSCEOLA KYLE and R. A. McDANIEL, for appellee. No brief reached the Reporter.

SAYRE, J.—The affidavit with which appellant, defendant in the court below, began his prosecution against the appellee charged that appellee did feloniously sever and carry away from the lands of James A. Sherrill, 30 cedar trees, which were growing on said lands, and which were of the value of $30, the property of Randolph Sandlin. In the connection used "feloniously" means "with intent to steal." The affidavit was notably defective and demurrable, but upon a fair interpretation we do not doubt that it was intended to charge appellee with the crime of larceny, and that, if suffered to go unchallenged by demurrer, such language would sustain a conviction under section 7324 of the Code which defines grand larceny. The charge

cannot, with proper regard for the language used, be referred to section 7833 of the Code. That clause of this section which mentions wood and timber does not deal with a larcenous appropriation, but rather with the trespass involved in a willful and malicious cutting, while that succeeding clause, which denounces "any person, who severs and carries away from the freehold any property or thing thereto attached under such circumstances as would render the trespass a larceny, if the thing severed and carried away were personal property," in order to avoid conflict with the preceding clause and the provision of section 7324, must be construed as pertaining to a subject-matter other than wood or timber. The first count of the complaint declared on a malicious prosecution on a charge of larceny, and, as for anything contained or omitted in the mere frame of the affidavit with which the prosecution was commenced, plaintiff was properly allowed to recover under that count.

It sufficiently appeared that the order of the Morgan county law and equity court, striking the cause from the docket of that court, was made in the course of the prosecution declared upon, though the magistrate misapprehended the nature of the charge against the plaintiff here, and so incorrectly labeled it, and had mistakenly sent the case to the court instead of the grand jury where it belonged. We are of the opinion, also, that this dismissal of the cause was an end of the prosecution.—*Stewart v. Blair,* 171 Ala. 147, 54 South. 506, Ann. Cas. 1913A, 925. Otherwise plaintiff might have been left without remedy for a great violation of his personal rights—a result not to be contemplated as possible under the law which "professes to furnish a remedy for every wrong."—*Southern Car Co. v. Adams,* 131 Ala. 147, 32 South. 503.

Plaintiff in this action had purchased the land at a mortgage sale, and had received a deed in due form, his title to the land so acquired and to the trees growing upon it had not been redeemed or otherwise defeated, nor impeached, and the jury was correctly instructed on plaintiff's request that the legal title to the land and the trees was in plaintiff, and not in Sherrill, at the time of the transaction involved in the criminal prosecution. Plaintiff testified to facts which, if believed by the jury, showed in him a coincidence of equitable and legal title. But while in possession he had executed rent notes for the land. His testimony went further to show, however, that he had been misinformed and misled by defendant or his agent as to his rights, and as to the effect of the arrangement into which he entered. If so, his attornment had no effect upon his right to hold and claim adversely to defendant.—*Nicrosi v. Phillipi,* 91 Ala. 299, 8 South. 561. But in any event, and wholly apart from consideration of the fraud alleged to have been practiced upon him in the matter of his execution of the rent notes, his attornment at most only required him to surrender possession at the end of the stipulated term, and did not at all affect his legal title, which he might assert immediately upon surrender of possession. In further consequence of this undisputed status of the legal title the court correctly ruled throughout the trial that inquires, concerning supposed equities remaining in Sherrill or in defendant as his guardian, were of no avail to defendant, and that the sole inquiry for the jury was whether defendant had instituted the prosecution against plaintiff maliciously and without probable cause.

The instruction made the subject of the forty-second assignment of error was well refused to defendant, for the reason that it had a tendency to mislead the jury to

the idea that they were to try the question of plaintiff's guilt of the charge brought against him as an original question, and perhaps as conclusive of the case in hand, whereas, the prosecution against plaintiff having ended in his favor, the inquiry whether he was in fact guilty was not controlling on the issue of probable cause (*Gulsby v. L. & N. R. R. Co.,* 167 Ala. 130, 52 South. 392), and in any event it appeared without contradiction that plaintiff could not have been guilty because he had both the possession and the legal title to the trees at the time of the alleged larceny.

Charge 25, per contra, in which the court was requested to instruct the jury that they might look to the fact that the inferior court of Hartselle adjudged plaintiff guilty in determining whether defendant had probable cause, was well refused, for the reason that it singled out that fact, pretermitting much other evidence relevant and material to that inquiry.

Charges requested by defendant on the subject of the effect of the legal advice obtained by defendant before swearing out the warrant against plaintiff fall short of a complete and satisfactory statement of the law of that subject, for the reason that they fail to hypothesize defendant's reliance and action upon that advice in good faith.—*McLeod v. McLeod,* 73 Ala. 42; *Steed v. Knowles,* 79 Ala. 446.

We need not consider other assignments of error separately. Some of them are obviously without merit. We have said enough to indicate our opinion in respect to the rest. No error appearing, the judgment will be affirmed.

ANDERSON, C. J., and McCLELLAN and DE GRAFFENRIED, JJ., concur.