# Sloss-Sheffield Steel & Iron Co. v. Devaney.

## False Imprisonment and Malicious Prosecution

(Decided November 7, 1914. 66 South. 523.)

1. *Trespass; Criminal; Legal Cause or Good Excuse.*—Where plaintiff was invited or directed to go upon defendant's premises by a member of the National Guard, stationed on such premises under the order and authority of the Executive of the state, with a view to the preservation of the property and the maintenance of peace and good order pending a strike of the employees of defendant, plaintiff had a legal cause or good excuse for going upon the premises within the meaning of section 7827, Code 1907.

2. *Malicious Prosecution; Evidence; Admissibility.*—Where the action was for maliciously prosecuting plaintiff for trespassing upon the property of defendant after warning not to do so, evidence of the fact that a strike existed among defendant's employees was irrelevant, except for the limited purpose of explaining the presence there of soldiers, by whom plaintiff claimed that he was invited or directed to go upon defendant's premises.

3. *Same.*—Where the action was for malicious prosecution of plaintiff for trespassing upon the property of defendant after warning not to do so, evidence as·to plaintiff having committed other alleged trespasses than that for which he was arrested, was properly excluded.

4. *False Imprisonment; Evidence.*—Where the action was for false imprisonment and malicious prosecution the fact that while plaintiff was in prison, he wrote letters to his family but was unable to get them posted, that he tried to get postage from the jailer and that official said he had no money with which to furnish postage, was irrelevant and prejudicial; especially where it was not made to appear that anyone refused upon request to place his letters in the mail, as it was probable that the absence of postage was the reason of his not getting them posted.

5. *Same.*—Where the action was for false imprisonment and malicious prosecution, if it was a fact that plaintiff was offered an opportunity to give bail, and could readily have done so, but declined and remained in custody, evidence of these facts should have been admitted to show that his separation from his family and any humiliation attributable to his continued detention was of his own choice and not defendant's acts.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

False imprisonment and malicious prosecution by J. A. Devaney against the Sloss-Sheffield Steel & Iron

[Sloss-Sheffield Steel & Iron Co. v. Devaney.]

Company, growing out of prosecution for trespass after warning. There was judgment for plaintiff and defendant appeals. Reversed and remanded.

BANKHEAD & BANKHEAD, for appellant.

RAY & COONER, for appellee.

McCLELLAN, J.—On the former appeal of this case, the Court of Appeals reversed the judgment on review. —7 Ala. App. 457, 60 South. 990. The action is for damages, and is stated in two counts, one for malicious prosecution and one for false imprisonment. The only errors assigned and urged here are predicated of rulings on the admission and rejection of evidence and with reference to the instruction of the jury. The plaintiff's arrest was for trespass after warning upon the property of the appellant in Walker county. The plaintiff was effectively warned by representatives of the company not to enter upon its property, except for the limited purpose of going from his dwelling to and from a store and to the office of a doctor.

It appears from the evidence with satisfactory certainty that the plainitff went upon the property of the company. According to the plaintiff's contention, he went upon it only at the request or direction of a member of a company of the Alabama National Guard then stationed on defendant's property, with the view to the preservation of property and the maintenance of peace and good order pending a "strike" by employees of the company at that point. On the other hand, the defendant's contention was that the trespass on the day and occasion described in the complaint was upon its property at a different place, across the railway, from that at which the soldiers were stationed or were. The evidence was in conflict on this point.

"Legal cause or good excuse" (Code, § 7827) renders innocent a *trespass after warning.—Owens v. State,* 74 Ala. 401. The presence of, and objects to be conserved by, the authorized stationing of the soldiers, under the circumstances disclosed by the evidence, upon the premises of the defendant established there an authority superior to that residing in the owner of the premises. If a member of the military company, occupying the premises, or associated with the purpose for which the State Guard was there stationed, requested or directed the plaintiff to come or go upon the premises, and in pursuance thereof the plaintiff went upon the premises, there could be no doubt, we think, that such circumstances afforded, as a matter of law, "legal cause or good excuse" within the provisions of the *trespass after warning* statute. Such an invitation or direction was, if extended or uttered, the expression of an authority and power superlative with respect to entry upon the premises under the jurisdiction of the military placed there under the orders and authority of the executive of the state. Necessarily the authority and power of the military, or of its members, to determine, under the circumstances, whether one or another citizen should go upon the guarded premises was supreme; and any one invited or directed as to his service upon or about the premises had the right to observe or accept the direction or invitation without question of the authority of the soldier to extend or enter the invitation or direction. The general doctrines of the law of agency, or of authorization otherwise cannot be a factor in such circumstances. Whether the invitation or direction was in fact given was for the jury to determine.

The plaintiff was incarcerated for about 11 days. He was permitted to show that during his detention he

[Sloss-Sheffield Steel & Iron Co. v. Devaney.]

wrote letters to his family, but was unable to get them posted, and that he tried to get postage from the jailer for use on the letters, but that officer said he had no money with which to furnish postage. We are unable to see any possible relevancy this matter could have had. It has not the justification of any, even remote, bearing upon an element of damages claimed in the complaint. If it were assumed that he wrote letters to his family and had them posted it would be a matter of pure speculation whether his family would have responded thereto. There was no duty on the jailer to supply him with postage. It is not claimed that any one refused upon request to place his letters in the mail. Doubtless the absence of postage was the reason why he could not get his letters posted. In any event this matter should not have been received in evidence. The case of *Stewart v. Blair,* 171 Ala. 147, 54 South. 506, Ann. Cas. 1913A, 925, merely affirms that one wrongfully imprisoned on a criminal charge may show his relation to others likely, because of close ties, to suffer humiliation. That case is without application in this connection. It was prejudicial error to allow the testimony indicated.

The fact that there was a "strike" existing was without relevancy to the issues involved on the trial, except for the limited purpose of explaining the presence of soldiers at the place in question. The court did not err in so ruling. Nor did it err in excluding evidence of alleged trespasses by plaintiff at times other than that for which plaintiff was arrested.

If plaintiff was offered opportunity to give bail and could have readily done so, and, declining, remained in jail subsequent thereto, his separation from his family and any humiliation resulting from his continued detention could not be attributed to the defendant's

acts but to his own choice. So the court should have permitted the full testimony purporting to establish or refute the postulate set down above.

The judgment is reversed and the cause is remanded. Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.