(81 South. 195)

KEMP v. YORK. (1 Div. 267.)

(Court of Appeals of Alabama. Nov. 12, 1918. On Rehearing, Dec. 17, 1918.)

1. CRIMINAL LAW ⬅⟹260(13)—INFERIOR CRIMINAL COURT—APPEAL TO CIRCUIT COURT.

On appeal from the inferior criminal court of Mobile to the circuit court, the trial is de novo on the merits, without regard to the judgment of the inferior court, in view of Code 1907, §§ 6723, 6725.

2. MALICIOUS PROSECUTION ⬅⟹24(5) — DEFENSES—JUDGMENT.

In an action for malicious prosecution, a judgment of conviction by the inferior criminal court of Mobile, where appeal therefrom was taken to the city court of Mobile and the case nol. pros'ed, was not an estoppel, but merely prima facie evidence of the existence of probable cause which could be rebutted by any competent evidence tending to show the absence of probable cause.

On Rehearing.

3. MALICIOUS PROSECUTION ⬅⟹24(5)—CONCLUSIVENESS OF JUDGMENT.

A judgment of conviction in the inferior criminal court of Mobile did not estop defendant

therein from bringing action for malicious prosecution, where the party being sued for malicious prosecution was not a party to the criminal action and where judgment of conviction was annulled by an appeal therefrom to city court of Mobile.

4. MALICIOUS PROSECUTION ⬅⟹56—ADVICE OF COUNSEL—BURDEN OF PROOF.

Where defendant being sued for malicious prosecution files plea of advice of counsel, he has burden of showing that he made a full and fair statement to his attorney of all the facts within his knowledge.

5. MALICIOUS PROSECUTION ⬅⟹21(2) — DEFENSES—ADVICE OF COUNSEL.

The omission to state any material fact to his attorney deprives defendant, being sued for malicious prosecution, of the immunity otherwise obtainable by seeking advice of counsel.

Appeal from Circuit Court, Mobile County; C. A. Grayson, Judge.

Action by Mrs. A. E. York against W. H. Kemp for damages for malicious prosecution. Judgment for plaintiff, and defendant appeals. Affirmed.

Certiorari denied 80 South. 809.

The second plea is that the defendant says that the said cause in which plaintiff was arrested was tried in the inferior criminal court from which said warrant issued, and that the plaintiff was convicted of the offense for which she was arrested in said inferior criminal court.

Plea 3 sets up the advice of counsel sought and action thereon in good faith.

The case against the plaintiff in the inferior court was willfully or wantonly placing or depositing poison or poisoned substance in the yard or other lands or premises of another without the consent of the owner thereof. It appears that the case against Mrs. York was tried in the inferior criminal court, that she was convicted, and on the same day took an appeal to the city court of Mobile, where the case was later nol. pros'ed.

Harry T. Smith & Caffey, of Mobile, for appellant.

Joseph N. McAleer and J. H. Kirkpatrick, both of Mobile, for appellee.

BROWN, P. J. [1, 2] On appeal from the inferior criminal court of Mobile to the circuit court, the trial is de novo on the merits, without regard to the judgment of the inferior court. Alford v. State ex rel. Attorney General, 170 Ala. 220, 54 South. 213, Ann. Cas. 1912C, 1093; Code 1907, §§ 6725, 6723. Such appeal vacates the judgment of the inferior court and destroys its effect as an estoppel. 3 Brickell's Dig. 591, § 42; Freeman on Judgments, § 328; Abraham v. Alford, 64 Ala. 281; Harsh v. Heflin, 76 Ala. 499;

---

⬅⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Cofer v. Reinschmidt, 121 Ala. 252, 25 South. 769.

The averments of the plea, when construed in connection with the averments of the complaint, were affected with such uncertainty as to render it subject to the demurrers, which were properly sustained. If the judgment of the inferior court was admissible at all, it was only prima facie evidence of the existence of probable cause, and the plaintiff was not precluded by this judgment from showing a want of probable cause, by other competent evidence. Ewing v. Sanford, 19 Ala. 605; Hanchey v. Brunson, 175 Ala. 236, 56 South. 971, Ann. Cas. 1914C, 804.

The evidence on the issue presented by the defendant's other special plea was in conflict, and the defendant was not entitled to the affirmative charge.

There is no reversible error in the record. Affirmed.

## On Rehearing.

[3] The defendant's second plea can be sustained on no other theory than that the judgment of conviction in the inferior court operates as an estoppel against plaintiff to controvert the existence of probable cause— in other words, the judgment is res adjudicata as to the existence of probable cause— and, if sustained, is a complete defense to this action. There are two elements essential to the application of the doctrine of estoppel by judgment absent in this case: The parties in the two cases are not the same. Holland v. Fairbanks, Morse & Co., 166 Ala. 198, 51 South. 931; Richter v. Koster, 45 Ind. 440; 4 Mayf. Dig. p. 728, par. 124, and the judgment has been annulled and its efficacy as an estoppel has been destroyed by the appeal therefrom. See authorities cited in paragraph 1 of the original opinion; also, Mayf. Dig. supra. In principle, there is no reason for saying that a judgment of conviction which has thus been annulled is res adjudicata as to one of the issues involved in that trial, and not as to all others, and there is no reason for saying that a judgment of conviction which has been subsequently annulled shall operate as an estoppel on the question of the existence of probable cause, and that the judgment of a committing magistrate invested with complete jurisdiction to determine the question is not. On the inquiry as to the guilt or innocence of the party accused on the final trial, the existence of probable cause is not a specific issue in the case, and is only involved to the extent that the greater includes the less, while in the preliminary inquiry before a committing magistrate the question of the existence of probable cause is the sole and determining issue in the case. The integrity of the courts in either case and the right of the prosecutor are fully protected by the rule which accords to such a judgment the evidentiary force of establishing prima facie the existence of probable cause.

While we are aware that there is great conflict of opinion on the subject as to whether such a judgment is good as an estoppel, and that probably the numerical weight of authority sustains the view that it is, we think the best considered cases and sound reason sustain the rule that such a judgment is only prima facie evidence of the existence of probable cause, and that it may be rebutted by any competent evidence tending to show the absence of probable cause. Sandlin v. Anders, 187 Ala. 473, 65 South. 376; Skeffington v. Eylward, 97 Minn. 244, 105 N. W. 638, 114 Am. St. Rep. 711; MacDonald v. Schroeder, 214 Pa. 411, 63 Atl. 1024, 6 L. R. A. (N. S.) 701 and note, 6 Ann. Cas. 506; Miller v. Runkle, 137 Iowa, 155, 114 N. W. 611; Staton v. Mason, 119 App. Div. 437, 104 N. Y. Supp. 155; Platt v. Bonsall, 136 App. Div. 397, 120 N. Y. Supp. 983.

The appellant's contention that there is no conflict in the evidence as to the issue presented by the third plea, and that therefore it was error to refuse the affirmative charge requested by him, cannot be sustained. There was a conflict in the evidence as to whether the defendant disclosed to the attorney that York occupied under a written contract the premises on which the poison was alleged to have been put out. The witness Courtney testified on cross-examination:

"That the defendant had not shown him the contract under which A. E. York occupied the premises, and that the first he knew of their being a written contract was when it was offered in evidence in the inferior court by plaintiff's attorney then defending her."

[4, 5] The contract in question was entered into on the 20th of July, 1915, and by its terms was not to be performed within one year from its date, and the fact that it was in writing was essential to its validity. Code 1907, § 4289. It was incumbent on the defendant in support of this plea to show that he made a full and fair statement of all the facts within his knowledge (Stewart v. Blair, 171 Ala. 147, 54 South. 506, Ann. Cas. 1913A, 925; 18 R. C. L. 45, par. 27), and the omission to state any material fact deprives him of the immunity otherwise obtainable by seeking advice of counsel (18 R. C. L. 47, par. 29; Davis v. McMillan, 142 Mich. 391, 105 N. W. 862, 3 L. R. A. [N. S.] 928, 113 Am. St. Rep. 585, 7 Ann. Cas. 854).

Application overruled.