(50 App. Div. 336.)

## CONANT v. JONES.

(Supreme Court, Appellate Division, First Department. April 20, 1900.)

1. INSURANCE — LLOYD'S POLICY — UNDERWRITER'S LIABILITY — EXECUTION AGAINST FUND.

Where there was no requirement in a Lloyd's policy that an execution should be issued on a judgment recovered thereon against the fund, as a condition precedent to assured's right of action against the underwriters, it was no objection to such action that the execution against the general manager and attorney in fact of such underwriters was recovered on the policy, instead of against the fund.

2. SAME—JUDGMENT AGAINST ATTORNEY IN FACT—EVIDENCE.

Where a Lloyd's policy provided that the underwriters would abide the result of an action thereon against the general manager and attorney in fact, a judgment so recovered was admissible in an action against one of the underwriters in a suit to recover his proportionate liability, though he was not a party to the action in which the judgment was recovered, and had no notice thereof.

3. SAME—RES JUDICATA—POLICY—VALIDITY.

Laws 1892, c. 690, prohibits persons from engaging in the insurance business, except as agents, unless they have deposited securities with the superintendent of insurance of the same amount required of insurance companies, and shall have received the certificate that they have complied with the law. *Held* that, where assured recovered a judgment against the general manager and attorney in fact of underwriters on a Lloyd's policy, such judgment was res judicata of the question of the validity of the policy, and hence plaintiff's failure to prove that the underwriters had complied with such law, in an action to recover the proportionate liability of one of them on such judgment, did not bar plaintiff's right of recovery.

Appeal from special term, New York county.

Action by Ernest L. Conant against Lewis L. Jones to recover defendant's proportionate share of a judgment recovered on a Lloyd's policy. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

H. K. Coddington, for appellant.
Lloyd McK. Garrison, for respondent.

RUMSEY, J. In the month of April, 1896, the defendant was associated with several other persons, under the name of the People's Fire Lloyd's in the City of New York, in the business of issuing policies of fire insurance. Their general manager and attorney in fact in that business was one Benjamin T. Rhoads, Jr. A policy of fire insurance was issued to James C. Bradford in the amount of $2,000 in April, 1896. It was signed by Benjamin T. Rhoads, Jr., and it contained, among other things, the provision that:

"No action shall be brought to enforce the provisions of this policy, except as against the general manager as attorney in fact, and representing all the underwriters; and each of the underwriters hereby agrees to abide the result of any suit so brought, as fixing his individual liability hereunder."

A loss occurred under this policy on the 11th of July, 1896; and Bradford, after taking the necessary steps to entitle himself to recover, assigned the policy to the plaintiff, who brought an action

against Rhoads as general manager and attorney in fact of all the underwriters, including the defendant in this action. Rhoads appeared and answered, and by his action there was put in issue the execution and delivery of the policy to Bradford; the agreement of the underwriters to insure him against loss by fire on the property specified, and to pay him, in the event of such loss, upon his complying with the terms of the policy, their proportionate share, to wit, one-seventeenth; the destruction of the premises by fire, and the right of the insured to recover the full amount of the policy; the various steps taken by the insured to comply with the conditions of the policy; and the assignment in writing by Bradford to the plaintiff of the policy. All these matters were necessarily determined in favor of the plaintiff in the action against Rhoads as general manager and attorney in fact of the underwriters. Judgment was entered in that action against Rhoads for $2,597.16 in favor of the plaintiff, and an execution was issued against him, which was returned wholly unsatisfied. This action was then begun against Jones to recover the amount of his individual liability as one of the underwriters, being one-seventeenth part, or $152.78. The action was tried before the court without a jury, and resulted in a judgment for the plaintiff for the amount claimed, with costs, from which this appeal is taken.

It is objected that the execution against Rhoads was not issued against the fund, but against him as general manager and attorney in fact, but this objection is of no importance. There is no requirement in the policy that an execution should be issued upon the judgment, as a condition precedent to the action of the insured against the underwriters.

The complaint in this action alleges that the defendant and 16 other persons named were associated together and doing business in the city of New York as individual underwriters of certain policies of insurance issued by their general manager and attorney in fact, Benjamin T. Rhoads, under the name and style of the People's Fire Lloyd's in the City of New York. That allegation is not denied in the answer. The policy signed by Rhoads was put in evidence, and the plaintiff then proved the judgment which had been procured against Rhoads. It is objected that that judgment was not evidence against the defendant. But that objection does not need much consideration. When one agrees to be bound by the result of a suit against another party, he puts himself in privity with that party, and a judgment in the suit is evidence against him, although he was not a party to it, in terms, and had no notice of the action. Rapelye v. Prince, 4 Hill, 119; Douglass v. Howland, 24 Wend. 35–50 et seq.

The defendant insists that the policy upon which the action was brought was void. because it was issued in violation of the provisions of section 54 of the insurance law (Laws 1892, c. 690). That section prescribes that no person, partnership, or association of persons shall engage in the business of insurance, except as agents of a person or corporation authorized to do so, unless he or they shall have deposited with the superintendent of insurance securities of the same amount required of an insurance company, and shall have received from him a certificate to the effect that they have complied with the law. The

plaintiff made no effort to prove that the law had been complied with, or that any certificate had been issued to the defendant, and the defendant claims, therefore, that this policy was void.   But in this regard, also, the defendant is concluded by the judgment against Rhoads.   Strictly speaking, this action is not brought upon the policy to insure, but upon the agreement of the defendant to be bound by the judgment against Rhoads.   But it may be conceded that, if the policy was void, any agreement to be liable either for the whole or any part of it was also void.   So far as the execution, delivery, and validity of that contract were concerned, it was necessarily determined in favor of the plaintiff by the judgment against Rhoads, because no judgment could have gone against Rhoads in that case unless the policy upon which the action was brought was valid.   This suit is brought upon precisely the same agreement, and therefore the judgment against Rhoads is conclusive against the defendant here, not only as to every matter which was actually litigated in that suit, but as to every fact which, if set up, would have constituted a defense upon the policy, although it was not made use of.   Cromwell v. Sac Co., 94 U. S. 351, 24 L. Ed. 195; Pray v. Hageman, 98 N. Y. 351; Embury v. Conner, 3 N. Y. 511.

The objections taken in this action are therefore not well founded, and the judgment must be affirmed, with costs to the respondent. All concur.