(32 Misc. Rep. 506.)

### KETCHUM v. BELDING.

#### (Supreme Court, Appellate Term. October 4, 1900.)

FIRE INSURANCE—LLOYD'S POLICY—ACTION—PLEADING—CONDITION PRECEDENT.

    Plaintiff sued to recover on a Lloyd's fire policy issued on behalf of defendant and others by their attorneys in fact. The policy provided that no action could accrue against the individual underwriters until a suit had first been brought against the attorneys in fact, and a judgment obtained, and an execution issued thereon against the trust fund in the hands of such attorneys, and returned unsatisfied. *Held*, that recovery in such a suit against the attorneys in fact was a condition precedent to maintenance of the present action.

Appeal from city court of New York, general term.

Action by Leonard C. Ketchum against Milo M. Belding. From a judgment of the general term of the city court of the city of New York, affirming a judgment on a verdict for plaintiff, and an order denying a motion for a new trial (64 N. Y. Supp. 550, 31 Misc. Rep. 498), defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GOR-MAN, JJ.

Lexow, MacKellar & Wells, for appellant.

Donald McLean, for respondent.

O'GORMAN, J. This action is brought upon a Lloyd's insurance policy issued in behalf of 15 underwriters by their attorneys in fact. The plaintiff sues the defendant, one of the underwriters, for his proportionate amount of the alleged loss, without having first sued the attorneys in fact, as required by the terms of the policy. Under its provisions, no cause of action could accrue against the individual underwriters until a suit had first been .brought against the attorneys in fact of the underwriters, judgment obtained in such action; and execution issued thereon against the trust funds in the hands of such attorneys, and returned unsatisfied. It may be difficult to reconcile all the decisions touching the validity of similar provisions, but that the performance of these conditions is absolutely necessary in order to establish a cause of action must now be deemed well settled. Conant v. Jones, 50 App. Div. 336, 64 N. Y. Supp. 189; Lawrence v. Schaefer, 20 App. Div. 80, 46 N. Y. Supp. 719; Concentrating Works v. Ackermann, 6 App. Div. 540, 39 N. Y. Supp. 585. It is urged, however, that the defense, to be available, should be affirmatively pleaded. We do not consider this contention well founded. The provisions in question are unquestionably conditions precedent, the liability of the underwriters being expressly dependent upon their observance by the assured. The language employed must

be regarded as an express prohibition against the maintenance of the action until performance of the conditions which are essential to the creation of the liability. Reining v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792; Porter v. Kingsbury, 5 Hun, 597; Id., 71 N. Y. 588; Rae v. Beach, 76 N. Y. 164; Hirshfeld v. Bopp, 145 N. Y. 84, 39 N. E. 817; Lowrey v. Bates, 26 Misc. Rep. 407, 56 N. Y. Supp. 197. The appellate division, in Conant v. Jones, supra, recognized that the provisions in question are conditions precedent when the court said, "Strictly speaking, this action is not brought upon a policy of insurance, but upon an agreement with the defendant to be bound by the judgment against the attorney in fact." It is obvious, therefore, that the plaintiff is required to show a compliance with all the terms of the agreement under which he claims a right to recover. This was not done in this case, and it was, therefore, error to refuse to dismiss the complaint upon the trial.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.

