(85 South. 758)

## SMITH SONS LUMBER CO. v. STEINER, CRUM & WEIL et al. (3 Div. 435.)

(Supreme Court of Alabama. April 22, 1920. On Rehearing, June 2, 1920.)

**1. Judgment ⚛707—Not res judicata as to persons not parties or privies.**

A judgment is not res judicata in an action between one of the parties and his attorneys regarding compensation of the attorneys, the attorneys not being parties or privies to the former suit.

**2. Contracts ⚛147(3)—To be construed as whole.**

A contract is to be construed as a whole, and the intention of the parties is to be gathered from the four corners thereof, giving to the language used its natural and ordinary meaning.

**3. Contracts ⚛154—Assumed that parties engaged upon rational consideration.**

Contracting parties usually engage upon rational considerations and to reasonable effects and ends, and, when the courts find it necessary to construe instruments of obligation, it is ever proper and often essential for them to assume, at least prima facie, that the unreasonable and irrational was not the contractual intent.

**4. Attorney and client ⚛144—Contract as to compensation construed so as not to bind client by judgment as to value of property.**

A contract between client and attorney, whereby attorney was to receive 15 per cent. of the purchase price of bonds, if client rescinded sale and recovered such amount, or 15 per cent. of such amount if the client should elect to retain the bonds and recover the difference between the price and the actual value of the bonds, held, no agreement that the client should be bound by a judgment in his favor for what was determined by the court and jury to be the difference in value, and the client, although accepting the judgment, had a right to another trial on the question whether or not the recovery was in fact the true difference between the price and the value of the bonds.

**5. Contracts ⚛143—No construction unless ambiguous.**

When a contract is plain and unambiguous, there is no room for construction.

**6. Estoppel ⚛92(1)—Client not estopped in action against attorney concerning compensation by accepting judgment in action tried by attorney.**

Where client agreed to pay attorney 15 per cent. of purchase price of bonds, if the attorney should recover the difference between the actual value of the bonds and the purchase price, and judgment was obtained for a certain amount, the client was not estopped to deny that the recovery was the true difference between the purchase price and the real value of the bond by reason of accepting the judgment; there being nothing to show that the attorney acted to his prejudice on account of such acceptance.

---

⚛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

McClellan, J., and Anderson, C. J., and Thomas, J., dissenting.

Appeal from Circuit Court, Montgomery County; Wm. L. Martin, Judge.

Action by the Smith Sons Lumber Company against the individuals composing the firm of Steiner, Crum & Weil and Thomas M. Stevens on the common counts and on special contract. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

The complaint upon which appellant sued appellees contained three counts, the first two of which were common counts, and the third count as follows:

"The plaintiff claims of the defendants the other and further sum of $4,495 with interest, damages for the breach of an agreement, entered into by them on, to wit, the 26th day of December, 1908, with John J. Kyser, E. V. Smith, and F. H. Smith, for and as the act of the said plaintiff, which agreement was as follows:

" 'Birmingham, Ala., Dec. 26, 1908.

" 'To Messrs. Stevens & Lyons and Steiner, Crum & Weil: We, the undersigned, John J. Kyser, E. V. Smith and F. H. Smith, do hereby employ you to represent us as attorneys in the transaction relating to the stocks and bonds of the Norfolk & Southern Railway Company, which came into our possession in the sale of our interests in the Smith Sons Lumber Company, and we hereby authorize you, jointly and severally, to institute all such negotiations or suit at law or in equity as you may deem proper against the purchasers of our interests in such corporation and Richard Tillis, or any, or either of them, and against any other person or party interested therein as you may deem proper, looking to a partial rescission of said transaction or to a recovery of damages for us on account of fraud which we claim to have been practiced upon us relating to the value of the said bonds; and for your services in the premises, we promise to agree to pay you an absolute fee of three thousand five hundred dollars ($3,500.00) and in the event of a recovery or a determination or termination favorable to us, that is to say, if we shall recover either the amount allowed by us in said transaction as the value of the said bonds and stock received therewith, viz., $53,300, or if we shall recover the difference between that sum and the actual value of said bonds at the time of said transaction, retaining the bonds, we promise and agree to pay you an amount equal to fifteen per cent. (15%) upon the full sum of fifty three thousand three hundred ($53,300.00) dollars, less the said sum of $3,500.00 and in addition thereto we are, of course, to pay all court costs and also such reasonable expenses as may be incurred by you in the premises.

" 'Steiner, Crum & Weil and Stevens & Lyon, our attorneys, to fight this case in all the court, if necessary to win.

" 'No settlement by way of compromise is to be made unless by mutual agreement between you and us. It is also agreed that the sum of one thousand ($1,000.00) dollars of the said sum of three thousand five hundred ($3,500.00) dollars is to be paid upon the institution of proceedings or when called for by you and the balance upon the termination of said proceedings. The expenses are to be paid from time to time as incurred and when called for.

" 'This agreement is executed in duplicate.

" '[Signed] E. V. Smith.

" 'F. K. Smith.

" 'John J. Kyser.'

"Plaintiff avers the following breach of the above agreement, viz.:

"In pursuance to said agreement, the defendants proceeded with the suit therein mentioned, and recovered for the plaintiff the sum of $22,500, which sum, plaintiff avers, is not equal to the difference between the sum allowed in the trade for the said bonds, mentioned in said agreement, viz., $53,300, and the actual value of said bonds at the time of said transaction between Tillis and plaintiff, nor is such amount equal to such amount allowed in such transaction to the value of such stock and bonds. Nevertheless, said defendants retained as a fee for their services an amount equal to 15 per cent. of the sum of $53,300, viz., $7,995, when they were, in fact, entitled to only the said sum of $3,500. Wherefore, this suit.

"Said E. V. Smith, F. H. Smith, and John Kyser, owned all the stock of the plaintiff, and said contract was made for and on behalf of said Smith Sons Lumber Company, and the demand here sued on is the property of said Smith Sons Lumber Company."

In addition to the general issue, defendants filed the following special plea:

"(3) That after making the agreement in said count set out, the defendants instituted for and in the name of the plaintiff the suit in said count mentioned, in the city court of Montgomery, against the said Richard Tillis, seeking to recover, by reason of alleged fraud and deceit on the part of said Tillis, the difference between the amount paid to him by the plaintiff for the said stocks and bonds, and their actual value at the time they were acquired by the plaintiff, plaintiff having elected to retain the said stocks and bonds; that, upon the trial of said cause, the evidence introduced by the respective parties before the jury as to the value of said bonds was varying and conflicting, and all the evidence showed without conflict that said stock was worthless; that the said cause, and the question as to the difference between the amount paid for said stocks and bonds, and their real value at the time they were acquired by plaintiff, were submitted to the jury trying said cause under appropriate instructions from the trial judge as follows, to wit: '(1) If you are reasonably satisfied from the evidence that the plaintiff is entitled to recover in this case, then I charge you that the measure of the plaintiff's damage, and the amount for which your verdict should be, is the difference between the bonds at a valuation of 95 cents on the dollar, and the preferred stock at a valuation of 80 cents on the dollar, and the $550 which was paid by plaintiff to defendant as interest, making a total of $54,350, less what those stocks and bonds were actually worth at that time,

with interest on such difference from the date of the trade, which was July 29, 1908, up to the present time. Given, Gunter, Judge.' And upon consideration thereof by said jury, they returned a verdict for the plaintiff against the said Tillis, and assessed the plaintiff's damages at the said sum of $22,500, and for which said sum final judgment was entered in the said city court, and said sum was subsequently paid; wherefore, defendants say that in said proceeding it was judicially and conclusively determined that the said sum of $22,500 was the difference between the sum allowed by the plaintiff in its trade for said stocks and bonds and their actual value at the time of said transaction, and that, under the provisions of said contract, defendants were authorized and entitled to retain the said sum of $7,995. "And defendants aver that the recoveries sought in the first and second counts of the complaint are sought under the facts in said third count alleged, to which reference is here made, and not otherwise."

Numerous grounds of demurrer are assigned to said plea; among others, that it attempts to set up an estoppel against plaintiff by judgment and it affirmatively appears that the defendants in this cause were not parties or privies to the suit in which the judgment was entered; that it further appears the question of the value of said bonds was not judicially and conclusively determined as to the plaintiff in so far as the present cause of action is concerned; that the question of the value of said bonds at the time of their acquisition by plaintiff is not res adjudicata; and upon the further ground that the plea fails to aver that defendants have been led by plaintiffs to perform any act or do anything to their prejudice. The demurrers were overruled.

Replications were filed to said plea (3) by plaintiff, to which demurrers were sustained; and, on account of the adverse rulings of the court as to the pleadings in the cause, plaintiff took a nonsuit for a review of the foregoing rulings.

Weatherly, Deedmeyer & Birch and C. C. Nesmith, all of Birmingham, for appellant.

1. When estoppel by judgment or by verdict is sought to be availed of, the parties in the two suits must be the same or privies. Dutchess of Kingston's Case, 2 Smith's Leading Cases (7th Ed.) 609, 573; Gilbreath v. Jones, 66 Ala. 129; Allison v. Little, 93 Ala. 150, 9 South. 388; Lawrence v. Ware, 37 Ala. 553; McCall v. Jones, 72 Ala. 371; Gwynn v. Hamilton's Adm'r, 29 Ala. 233; Fidelity & Deposit Co. v. Robertson, 136 Ala. 379, 34 South. 933; Ryan v. Young, 147 Ala. 660, 41 South. 954; Holland v. Fairbanks-Morse & Co., 166 Ala. 198, 51 South. 931; Jones v. Adler, 183 Ala. 435, 62 South. 777; Terrell v. Nelson, 199 Ala. 436, 74 South. 929; 9 Michie, 169.

2. On plea of estoppel by judgment or by verdict, it must affirmatively appear that the precise issue was decided in the first case. Chamberlain v. Gaillard, 26 Ala. 504; Strauss v. Meerteif, 64 Ala. 299, 38 Am. Rep. 8; Sou. Ry. Co. v. Raney, 117 Ala. 270, 23 South. 29; Fidelity & Deposit Co. v. Robertson, 136 Ala. 379, 34 South. 933; Holland v. Fairbanks-Morse & Co., 166 Ala. 198, 51 South. 931; Jones v. Adler, 183 Ala. 435–441, 62 South. 777.

3. No valid estoppel en pais is shown under averments of plea, as it does not appear that conduct of appellant has in any wise influenced action of appellees to their detriment. 16 Cyc. 734; Anderson v. Buckley, 147 Ala. 415, 41 South. 748; 5 Michie, 685.

4. It is a canon of contract law that a written instrument prepared by one of the parties thereto, who is skilled or learned in the law, or where the meaning of language in a contract is uncertain, the construction of such contract is to be strictly against the drawer thereof, or against the party whose words it expresses. Minge v. Green, 176 Ala. 343, 58 South. 381; Taber v. Ins. Co., 124 Ala. 691, 26 South. 252; Western Assurance Co. v. McGlathery, 115 Ala. 213, 22 South. 104, 67 Am. St. Rep. 26; L. L. Ins. Co. v. Kearney, 180 U. S. 132, 21 Sup. Ct. 326, 45 L. Ed. 462; American Auto Ins. Co. v. Watts, 12 Ala. App. 518, 67 South. 758.

5. In the construction of a written contract, the intention of the parties thereto must govern, and such intention must be gathered by the court from the four corners of the contract. 3 Michie, 333, and cases there cited.

6. A jury is not bound by opinion evidence as to value. Andrews v. Frierson, 144 Ala. 476, 39 South. 512.

7. The replications setting up the fact that the question of the value of the bonds alone was not decided in the Tillis Case, and that other items went into the making up of the verdict were good. Fidelity & Deposit Co. v. Robertson, supra; Holland v. Fairbanks-Morse & Co., supra; Jones v. Adler, supra; Ryan v. Young, supra.

8. The replication, showing diverse parties and lack of privity, was not subject to demurrer. Fidelity & Deposit Co. v. Robertson, supra; Ryan v. Young, supra; Holland v. Fairbanks-Morse & Co., supra; Jones v. Adler, supra.

Steiner, Crum & Weil, of Montgomery, and T. M. Stevens, of Mobile, for appellees.

It is of no consequence that the parties to this suit are not the same as the parties to the other suit. 23 Cyc. 1251; 165 N. Y. 48, 58 N. E. 765; 144 Ala. 478, 39 South. 512; 22 Ala. 391; 23 Ala. 535. A man shall not be allowed to approbate and reprobate. 77 Ala. 165; 16 Cyc. 785; 10 R. C. L. 694; 65 Ala.

386; 84 Ala. 302, 4 South. 270; 190 Ala. 631, 67 South. 394.

GARDNER, J. .This litigation arises out of a disagreement between client and counsel concerning compensation for services rendered by the defendants as attorneys for the plaintiff in the suit which reached this court styled Tillis v. Smith Sons Lumber Co., 188 Ala. 122, 65 South. 1015. The contentions of the respective parties to the cause are sufficiently disclosed by reference to count 3 and the special plea which appear in the statement of the case.

The contract of employment was in writing. It provided for the payment of $3,500 as an absolute fee regardless of results. It further appears that the amount allowed by the plaintiff in the transaction in which it acquired the stocks and bonds mentioned in the pleading was the sum of $53,300; and the contract of employment provided for additional compensation of 15 per cent. upon this amount should that be the recovery had, or, in the alternative, that if the plaintiff should retain the bonds and there should be a recovery for the difference between the above sum and the actual value of said bonds at the time of their acquisition, then plaintiff agreed to pay an additional compensation of an amount equal to 15 per cent. of the full sum of $53,300, less the sum of $3,500 previously paid as an absolute fee.

The result of the suit was a judgment in favor of the plaintiff for $22,500, and it is the contention of the defendants, as set up in the special plea, that such judgment is conclusive against the plaintiff in this action to the effect that the amount of recovery represented the difference between the sum of $53,300 and the actual value of the bonds at the time of their acquisition.

[1] If we are to look to the charge of the court for the issues which were determined in the trial of that cause as set up in said plea, it would appear that other elements entered into the consideration in the determination as to the value of the stocks and bonds; but, aside from this, the judgment recovered in that cause cannot be held as res adjudicata in this for the reason that the defendants here were not parties or privies to that suit. The following of our cases are conclusive to this effect: Fid. & Dep. Co. v. Robertson, 136 Ala. 379, 34 South. 933; Holland v. Fairbanks-Morse & Co., 166 Ala. 198, 51 South. 931; Jones v. Adler, 183 Ala. 435, 62 South. 777.

The defendants do not controvert the correctness of the holdings of the above cases, but insist that they are not applicable to the instant case. Their argument is that the defense set up in plea 3 is not a plea of res adjudicata or estoppel, but is predicated upon the proposition that, by the terms of the contract of employment itself, the result of the litigation between the plaintiff and Tillis necessarily and conclusively fixes the basis of plaintiff's liability to the defendants; and that the agreement was made with reference to the result of that case as much so as if it had been written into the agreement itself. It is thus seen that while it is conceded under the foregoing authorities the plea is not properly one of res adjudicata, yet the effect and final result thereof is the same, for the plea is to the effect that plaintiff is conclusively bound by the judgment rendered.

Reduced to its last analysis, the insistence of the defendant turns upon the construction to be given the words "recover the difference" used in said contract, and stated in brief in the following language, "that the contract, in legal effect and meaning, is the same as if there had been inserted, immediately after the words 'recover the difference,' the words 'as determined in the litigation to be brought for that purpose,'" and that therefore the judgment in the former suit is conclusive here because the plaintiff had so agreed.

[2, 3] The contract is to be construed as a whole, and we are to gather the intention of the parties from the four corners of the instrument, giving to the language used its natural and ordinary meaning. 3 Michie, Dig. 334. The contract shows upon its face that the valuation of the stocks and bonds here in question was fixed at $53,300 when acquired by the plaintiff, and for the recovery of this sum which would reimburse them, or a recovery of the difference between this sum and the value of the bonds at the time it acquired the same, it was willing to pay additional compensation. While it is doubtless true that the litigation was anticipated, yet there is nothing in the instrument to disclose an intention on the part of the plaintiff to be conclusively bound, so far as this contract of employment was concerned, by the result of that litigation, as irrevocably fixing the amount as would determine the question of additional compensation. It may be readily seen that by such construction of the agreement of employment the recovery may have been such an amount as to have been fully absorbed by the agreed compensation for services. Indeed, we may go still further, as suggested in brief, and point out that under such construction of the contract the recovery may have been even less than the fee, and the plaintiff have been the loser thereby. As said by this court in Birmingham Waterworks Co. v. Windham, 190 Ala. 634, 67 South. 424:

"Contracting parties usually engage upon rational considerations and to reasonable effects and ends; and, when the courts find it necessary to construe instruments of obligation, it

is ever proper, and often essential, for them to assume, at least prima facie, that the unreasonable and irrational was not the contractual intent."

It would appear, therefore, such construction would be unreasonable; and to bring the case within the purview of the foregoing rule we must assume, at least prima facie, that the parties engaged "upon rational considerations and to reasonable effects and ends." The plaintiff was evidently working to such result, by which it would be made whole as to the transaction, the subject-matter of the litigation. This affirmatively appears upon the face of the contract which defines what is meant by a favorable determination of the cause to the plaintiff, viz., $53,-300, and expressly stipulates an additional compensation of 15 per cent. upon this sum if that is the sum recovered. Had there been a rescission and suit brought for $53,300, it could hardly be questioned that, under the very terms of the contract, to authorize the additional compensation the full sum must be recovered. But the parties did what the contract contemplated—retained the bonds and sued for the difference—and it is stipulated that additional compensation would also be paid upon the full sum of $53,300 should the recovery be the difference between that sum and the actual value of the bonds at the time of the transaction. It is quite clear the contract did not contemplate that a different rule would obtain as to this extra compensation, dependent merely upon the form of action to be brought, and it is not so insisted upon this appeal.

[4] The plaintiff insists that the recovery did not compensate it for the actual difference between the value of the bonds and the amount allowed on the transaction, and this is a question of fact which it seeks to submit to the jury. To our minds, the contract conclusively shows that it was the manifest purpose as a condition precedent to the additional compensation that plaintiff be made whole, and that to produce this result there must be a recovery either of the sum of $53,300 or its equivalent, as above indicated. There is nothing inconsistent or unusual in having the issue of fact as to whether or not the amount recovered represented the actual difference between the value of the bonds and the sum of $53,300, again submitted to a jury, as the authorities cited disclose. In Fid. & Dep. Co. v. Robertson, supra, the special plea interposed disclosed that the very matters sought to be litigated between the plaintiff, the owner of the house, and the fidelity company, the surety for the contractor, had been litigated in a suit between the contractor and the owner and determined in that cause; but, as the surety was not a party to that litigation, the judgment was not binding, and the same matters were again litigated. Nothing more than this is here sought.

[5] The plaintiff insists that it is disappointed in the result of the litigation and seeks to have the question judicially determined as to whether or not it has been made whole by the result thereof. As opposed to this, defendants do not insist that the contract in terms binds the plaintiff by the judgment rendered; but the argument is that by construction thereof the words "as determined in the litigation to be brought for that purpose" should be interpolated therein. We are unable to find anything in the four corners of the instrument to warrant such a construction, and we are of the opinion that the plaintiff may stand upon the letter of its contract because the language is plain and unambiguous, and when such is the case there is no room for construction. A favorable termination is defined by the contract, and plaintiff by this suit seeks to have determined the question as to whether or not the result was successful from the standpoint as defined therein. We cannot agree with the interpretation of the contract as insisted by appellees.

[6] The suggestion is made that, while there is not involved any question of an estoppel by judgment, yet the case carries a situation closely akin to, if not actually, an estoppel in pais, upon the theory that the plaintiff in this case accepted the amount of the judgment recovered by it in the suit against Tillis. There is nothing in the plea indicating that the defendants here have acted to their prejudice on account of any conduct on the part of the plaintiff. Millitello v. B. F. Roden Grocery Co., 190 Ala. 675, 67 South. 420, where some of the cases with excerpts therefrom bearing upon the doctrine of estoppel in pais are noted. Plaintiff may have been disappointed with the result of that suit and have accepted the fruits of the litigation as the best, if not the only, prudent course to pursue; but we find nothing in this conduct to bring the case within the influence of the doctrine of estoppel in pais as defined by the authorities.

We have also examined the case of Williams v. Barkley, 165 N. Y. 48, 58 N. E. 765, but do not find that it at all militates against the conclusion here reached.

We are therefore of the opinion that the demurrer to plea 3 was well taken and should have been sustained. For this error the judgment must be reversed. Reaching the conclusion that the plea is insufficient renders unnecessary a consideration of the rulings on demurrer to the replications filed thereto.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.

On Rehearing.

GARDNER, J. Application overruled.

SAYRE, SOMERVILLE, and BROWN, JJ., concur.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., dissent.

McCLELLAN, J. (dissenting). On rehearing, after further consideration of the contract set out in the statement of the case, I cannot concur in the construction accorded it by the majority of this court. The appellant employed appellees as attorneys to represent it in the enforcement of legal rights against Richard Tillis. The circumstances involved and the result of the services rendered by appellees under this contract are disclosed by the report of the appeal in Tillis v. Smith Sons Lumber Co., 188 Ala. 122, 65 South. 1015. The lumber company prevailed in the litigation with Tillis, and a judgment for $22,000 damages was affirmed on the appeal above mentioned; this court, affirming the action of the trial court in respect of the measure of damages, saying, on page 139 of 188 Ala., on page 1020 of 65 South., that the proper measure of damages was this: " * * * The difference between the actual value of the property at the time of the sale or exchange and is [its] represented value." It is therefore obvious that the equation submitted to the jury and approved on appeal, necessarily comprehended the ascertainment of the value of the property at the time of the dealing and the awarding to the lumber company of a sum of money, in the form of damages, that would be the equivalent of the difference between the actual value and the represented value of the property. Such was in fact done; and the lumber company recovered and has received the sum awarded by the jury, viz., $22,000.

With the avowed purpose of fixing, alternatively the compensation these attorneys should receive, this was the stipulation of the contract:

" * * * Or if we [lumber company] shall recover the difference between that sum [i. e., $53,300] and the actual value of said bonds at the time of said transaction, *retaining the bonds*, we promise and agree to pay you an amount equal to fifteen per cent. (15%) upon the full sum of * * * $53,300.00, * * * less the said sum of $3,500.00. * * * " (Italics supplied.)

That the result of the litigation contemplated by the parties was favorable to the lumber company is obvious. That there was not only a recovery, but also payment of the judgment in full, is conceded. The question is one of construction of the contract, and in no sense involves the rules of law pertinent to res judicata. The contract itself specified the conditions under which the appellees should be paid 15 per cent. of the sum of $53,300. Those conditions were completely met by the recovery had—a recovery that was predicated of the very circumstances described in the contract. The lumber company sued Tillis for the damages, retaining the property; and recovered the "difference in value" to which reference was made in 188 Ala. 139, 65 South. 1015. The contract defined as the condition to the payment of the percentage on the whole sum, viz., $53,300, the recovery in that litigation, between the parties thereto, and not any other recovery or ascertainment of value in any other suit. If the condition thus defined is not applicable to the litigation between Tillis and the lumber company, there is no contractual provision whereby the lumber company could be required to pay the percentage stipulated. The contract makes no reference to any other litigation nor to any ascertainment in a suit between others to determine the value of the property. To so interpret the contract is to impute to the parties an intent, common to them, to submit to another arbitrament the actual value of the property that was to be and was in fact determined in the litigation to which the contract itself refers. If the question was at all doubtful under the terms of the writing, it seems entirely unreasonable to attribute such a design to these parties when they engaged as this writing provides. If, as is suggested, this result would enforce a "hard bargain," that is no reason for averting the plain effect of this unambiguous contractual obligation.

I would affirm the judgment.

ANDERSON, C. J., concurs in the foregoing opinion of McCLELLAN, J.