(93 South. 399)

## STEINER, CRUM & WEIL et al. v. SMITH SONS LUMBER CO.   (3 Div. 549.)

(Supreme Court of Alabama.   May 4, 1922.)

1. Estoppel ⟨⟫92(1)—Clients held not estopped in action against attorneys concerning compensation by accepting judgment procured by attorneys.

Where clients agreed to pay attorneys 15 per cent. of the purchase price of bonds if the attorneys should recover the difference between the actual value of. the bonds' and the purchase price, and judgment was obtained for a certain amount, the clients were not estopped, by accepting the fruits of the judgment, to deny the correctness of the judgment as fixing the difference between the actual value of the bonds and the purchase price on any theory that the attorneys were identified in interest with their clients, and were bound as in privity with them; for the attorneys were financially interested in the litigation only by reason of their contract for a contingent fee.

2. Evidence ⟨⟫219(1)—Acceptance of fruits of judgment held not admission of judgment's correctness as respects right to attorney's fee based thereon.

Where clients agreed to pay attorneys 15 per cent. of the purchase price of bonds if the attorney should recover the difference between the actual value of the bonds and the purchase price, and judgment was obtained for a certain amount, the clients' acceptance of the fruits of the judgment did not involve them in an admission that damages had been correctly assessed, as respects the attorneys' claim to fee based upon recovery as contracted for.

3. Attorney and client ⟨⟫144—Contract for contingent fee for . recovering difference between actual value and purchase price of bonds held to contemplate determination of such difference by judgment in suit for such recovery.

A contract by clients to pay attorneys 15 per cent. of the purchase price of bonds if the attorneys should recover the difference between the "actual value" of the bonds and the purchase price held to contemplate that the question of the difference between the "actual value" and the purchase price, as between the

clients and the attorneys with respect to the attorneys' right to the agreed compensation, should be settled by the verdict and judgment in the action for such recovery, so that the clients could not claim the right to have the question whether the amount so recovered was in fact the difference between the actual value and purchase price of the bonds determined by the jury in a later suit between the clients and the attorneys respecting the attorneys' compensation.

Gardner and Somerville, JJ., dissenting.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action by the Smith Sons Lumber Company against Steiner, Crum & Weil and, Thomas M. Stevens, on common counts and special contract. From judgment for plaintiff, defendants appeal. Reversed and remanded.

The issues litigated on retrial after reversal were substantially the same as those on first trial of the case. For a sufficient statement, see 204 Ala. 306, 85 South. 758.

Horace Stringfellow, of Montgomery, and. Smiths, Young & Leigh, of Mobile, for appellants.

For brief, see 204 Ala. 306, 85 South. 758.

Weatherly, Birch & Hickman and C. C. Nesmith, all of Birmingham, for appellee.

For brief, see 204 Ala. 306, 85 South. 758.

SAYRE, J.   I have reconsidered my concurrence in the majority opinion on the former appeal (Smith Sons Lumber Co. v. Steiner, Crum & Weil, 204 Ala. 306, 85 South. 758), and, while I am bound still to concede that the grounds of decision are not so clear as I would like, my best judgment now is that the result reached on the first trial was correct, and should have been affirmed.

[1, 2] Appellants, as attorneys, and appellees, as clients, entered into a contract for a contingent fee to be paid for services to be rendered in an action to be brought by appellants for appellees against Tillis. The contract and the history of that litigation are shown in Tillis v. Smith Sons Lumber Co., 188 Ala. 122, 65 South. 1015. At the end of that case appellees recovered judgment and appellants collected the money for them. Out of the proceeds appellants retained the stipulated amount of the contingent fee, and now appellees have recovered judgment against appellants for the amount so retained, claiming that the amount of the judgment was not equal to the difference between the actual value of the bonds and the value they had been represented by Tillis to have in the transaction out of which the former suit originated.

Appellants, for one thing, contend that ap-

---

pellees are in this cause estopped to question the correctness of the assessment of damages had in the former suit as fulfilling the conditions upon which they were entitled to the contingent fee, and, in order to work out the estoppel, to establish the mutuality necessary to its operation, say that they (appellants) by reason that they were identified in interest with their clients, were bound as in privity with them, and, in this connection, they refer to the fact that appellees have accepted the fruits of that judgment. Conant v. Jones, 50 App. Div. 336, 64 N. Y. Supp. 189; Leiter v. Beecher, 2 App. Div. 577, 37 N. Y. Supp. 1115; Bank of Commerce v. Louisville (C. C.) 88 Fed. 398; Rapelye v. Prince, 4 Hill (N. Y.) 119, 40 Am. Dec. 267—and some kindred cases are cited to this point. I am unable to accept that view. Apart from the retainer of $3,500, which cuts no figure in this case, appellants were financially interested in the litigation between Smith Sons Lumber Company and Tillis only by reason of their contract for a contingent fee, and here—conceding, for the moment, appellants' construction of the contract, to be presently noted—the question would be one of fact; that is, whether appellants did earn the fee according to the terms of the contract. Nor did the acceptance of the fruits of the judgment involve appellees in an admission that damages had been correctly assessed. This branch of the case, I think, was properly considered on the former appeal.

[3] The case now, in my judgment, turns upon the proper construction of the contract between the parties. They were competent to contract on their own terms. They might have stipulated that appellants would be entitled to the contingent fee only in case appellees recovered judgment for as much as a sum certain, but, notwithstanding the value of the bonds was then uncertain—speculative, I think it may be said—the parties left the matter in controversy to be determined otherwise.

Appellees attach peculiar significance to the phrase "actual value" in the contract, as if thereby the parties intended to set actual value over against the value to be assessed by the jury. But my judgment is that "actual value" in the contract, defining conditions upon which the contingent fee depended, means no more than "value" as set over against Tillis' representation. There is nothing to indicate that by their reference to actual value the parties had in mind the contingency that, in the event appellees elected to retain the bonds—as they did—and so made it necessary for a jury to assess the difference between their value and the amount paid for them, the verdict and judgment might not correctly represent that difference.

Appellants contend that it was in the contemplation of the parties to the contract that the judgment in the case between appellees and Tillis was to determine the right to the contingent fee. Certain it is that, in the event the appellees recovered judgment, the jury would need to assess the amount of their recovery at the difference between the real and represented values of the bonds, nor does it make any difference that the fee was made to depend on the difference between the real and represented values of the bonds, whereas the recoverable damages were to be measured by the difference between the real and represented values of stock and bonds, for the evidence in this cause was to the undisputed effect that the stock was worthless, and had been so since a time long prior to the contract between the parties. It is therefore immaterial whether, in stating the condition upon which the contingent fee was to be earned, all mention of the stock was omitted by inadvertence, or because the parties then considered the stock to be worthless, or for the reason that, in any event, they intended to base the right to the fee upon the difference between the real and represented values of the bonds alone.

The contract for a contingent fee was made with reference to the litigation which followed. Appellees, assuming that a fraud had been practiced upon them in the sale of the stock and bonds—and the event proved that to have been the case—had under the law an option to rescind their contract with Tillis in toto, or to keep the bonds (or stock and bonds) and sue for the difference between their real and represented values, and the contract for a fee provided for an exercise of that option. Had appellees elected to rescind in toto, there could have been no doubt about the meaning of the contract for the contingent fee, and the contract assumed that the verdict and judgment would correctly represent the amount necessary to make appellees whole. But appellees elected to exercise the other option, and, in that event, the difference between the real and represented value of the bonds—the former an unknown quantity and of uncertain establishment—would need to be assessed, for that was the measure of damages fixed by law. All this the parties knew. Certainly it was contemplated that such assessment would make appellees whole, for appellees were entitled to be made whole and there was no other means by which that result could be insured. The parties here knew that the verdict and judgment would be unimpeachable as between the parties to it, and I think it must be assumed that the parties here had in contemplation no other alternative than that the jury would properly assess the damages if appellees won their suit.

The view of the contract stated above was rejected by the opinion on former appeal. It was then suggested, as a circumstance weighing heavily against the reasonableness of ap-

pellants' construction, that under it the recovery might have been of such an amount as to be completely absorbed by the agreed compensation for services, or that appellees might even recover less than the stipulated fee, and this seems in truth to have been the mainstay of the opinion then delivered. But now it appears that the suggested consideration weighs not on either side, for, if the value of the bonds was left to be fixed by the jury in a litigation between the contracting parties, as appellees now contend, the same result might follow, since, assuming the jury might go wrong, nobody could know in what direction or to what extent they might go wrong. If it was then considered that the verdict was to be subject to impeachment as to amount, no fraud affecting its procurement or rendition, no solid ground existed on which to base the notion that a subsequent jury would correct an error. I think the parties could only have considered that the jury in the litigation proposed would do their duty and correctly assess the damages due appellees, establishing at once appellees' recovery on a proper basis and appellants' right to the stipulated fee.

Another consideration seems to deserve statement: If the parties contemplated litigation, subsequent to that which would establish appellees' right, in order to determine whether the contingent fee was earned—in the event of a dispute among themselves, of course, that being the only event in which an appeal to authoritative construction would be necessary—then the contract subjected appellants to severe reflection in their relations with their clients, for in the suit for which their services were engaged appellees might legitimately expect of them, within the reasonable limits of contradictory evidence, to minify the value of the bonds, whereas in the litigation among themselves, and within like limits, it would be their interest to magnify such value. This is a construction which the court would avoid if it reasonably can.

In my judgment, nothing to the contrary appearing, the parties should be held to have contemplated and intended that the litigation with respect to which the parties contracted would settle the rights of all parties, and doubtless the trial court would have so ruled had it not felt constrained by the former decision in this court.

If the foregoing correctly represents the meaning of the contract, then, on the complaint, the plea of non assumpsit, and the undisputed facts, appellants were entitled to judgment, and the judgment under review should be reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and MILLER, JJ., concur.

SOMERVILLE and GARDNER, JJ., dissent.

ANDERSON, C. J., and McCLELLAN, J., concur in the judgment of reversal in the present (second) appeal upon the considerations and conclusions stated in the opinion of McCLELLAN, J., on rehearing, as reported in 204 Ala. 311, 85 South. 761, 762.

GARDNER, J. (dissenting). My views upon the question of the construction of the contract here involved are fully stated in the majority opinion on former appeal (Smith Sons Lumber Co. v. Steiner, Crum & Weil, 204 Ala. 306, 85 South. 758), and need no restatement here. I adhere to those views, and therefore respectfully dissent.